## WILLIAM R. COX V. O. H. BARNES.

FILED MAY 22, 1895. NO. 5657.

1. **Attorney and Client.** It is a well settled rule that an attorney is bound to the most scrupulous good faith, when acting for his client. He must be loyal to the interests intrusted to his care. The members of a firm of attorneys cannot represent opposite sides of the same cause without the knowledge and consent of the clients.

2. **Judgment:** COLLATERAL ATTACK. After a firm of attorneys had been employed by a defendant a new member was taken into such firm, to whom the client revealed the evidence upon which he relied to defeat the action, and subsequently such attorney was employed by, and rendered assistance on the trial to, the adverse side, with full knowledge of the defendant and without objections. A judgment was rendered in favor of the plaintiff. *Held*, In an action on such judgment in another state the defendant could not set up as a defense thereto that the judgment was obtained by the fraudulent conduct of the attorney, but that on calling of the original cause for trial, the defendant should have moved the court to exclude the attorney from appearing for and assisting the adverse side.

ERROR from the district court of Pierce county. Tried below before ALLEN, J.

*Wigton & Whitham*, for plaintiff in error.

*Benjamin Lindsay, W. W. Quivey* and *Powers & Hays*, contra.

NORVAL, C. J.

On the 13th day of January, 1890, in a cause pending in the district court of Montague county, Texas, a judgment was rendered in favor of O. H. Barnes, and against William R. Cox, for $1,650 debt and $73.75 costs of suit. This action was brought upon said judgment in the district court of Pierce county, this state. The petition is in

the usual form. The amended answer, for a defense, avers that the judgment declared upon was obtained by the plaintiff by fraud and undue means. The allegations of fraud set up in the answer are as follows: "That plaintiff, after the commencement of the action upon which said judgment was obtained, fraudulently, corruptly, and for the purpose of influencing defendant's attorneys against defendant's interests, and preventing their performing and causing them to neglect their duties toward defendant in the trial and defense of the said action so that plaintiff might obtain said judgment, employed and procured the services of one J. M. Chambers, an attorney at law, and a member of the firm of Stephens, Herbert & Chambers, who were at the time the employed attorneys of defendant in the action, to assist plaintiff in the trial and prosecution of said action and the procuring of said judgment, well knowing that said Chambers was one of the said firm of Stephens, Herbert & Chambers, and that said firm were defendant's attorneys as aforesaid, and agreed to and did pay said Chambers therefor the sum of $100 for the benefit of said firm of Stephens, Herbert & Chambers." The answer further charges that by reason of the fraudulent employment of Chambers and said undue and corrupt influence on the part of plaintiff, the defendant was prevented from having a fair and impartial trial of the issues in said court; that defendant did not discover the said fraudulent acts and conduct until the trial had begun, and that they were not fully known until after the rendition of the judgment; that the defendant was not indebted to the plaintiff in any sum whatever in the suit in which said judgment was obtained, but had a complete defense to the action. The plaintiff for reply denied all charges of fraud made in the answer. At the close of the defendant's testimony the court, on motion of the plaintiff, instructed the jury to return a verdict against the defendant for the full amount claimed, which was accordingly done, and from a judg-

ment entered thereon, and an order overruling a motion for
a new trial, the defendant prosecutes error.

The question presented for determination in this cause is
whether the court below erred in directing a verdict for
the plaintiff. In other words, was the Texas judgment
procured by fraudulent means? The charge of fraud con-
sists in the employment by Barnes of one J. M. Chambers
as an attorney to assist in the trial of the case. It appears
from the testimony contained in the bill of exceptions that
the law firm of Potter & Edleman brought the suit for
Barnes in the Texas court, and the firm of Stephens & Her-
bert, attorneys, of Montague, Texas, was originally em-
ployed by Cox to make his defense; that afterwards, in
the spring of 1889, which was several months prior to the
trial, the said Stephens and Herbert formed a partnership
with J. M. Chambers, under the firm name of Stephens,
Herbert & Chambers, by the terms of which agreement
Chambers was to assist in the disposition of the unfinished
business of the old firm, where he was not then adversely
interested, and was to receive a part of the fees for so do-
ing; that Stephens & Herbert, together with J. G. John-
son, of Kansas City, Missouri, represented Cox in the trial,
and that J. M. Chambers assisted Potter & Edleman in
the prosecution of the case. There is some conflict in the
proofs as to the time when Chambers was employed by
Barnes. Some of the testimony is to the effect that he was
retained prior to the formation of the firm of Stephens,
Herbert & Chambers, while there is other evidence tending
strongly to show that he was not engaged until the day the
case was called for trial in January, 1890. It does, how-
ever, appear that Barnes was aware at the time of the em-
ployment of Chambers that the latter was a member of the
firm of Stephens, Herbert & Chambers, and that Stephens
& Herbert were Cox's attorneys. Also, there is in the
record testimony to the effect that a few days prior to the
trial, Cox went to Montague to confer with his attorneys,

and while there Mr. Stephens introduced Mr. Chambers to him as his partner, and thereafter Cox consulted with Chambers as well as Stephens about the case, disclosing to them the papers and evidence he intended to use on the trial. The authorities agree that an attorney, when once employed in a case, is bound to the most scrupulous good faith; that he must be loyal to the interests of his client; that where the client has conferred with his attorney or revealed to him the evidence upon which he relies for the prosecution of the cause or for making his defense to the action, as the case may be, the attorney, after acquiring such knowledge, or after having opportunities for knowing the facts, will not be permitted to sell out his client's interests or to accept a retainer from or render assistance to the adverse party. If he do so, without the knowledge or consent of his client, the judgment thus obtained may be set aside on the ground of fraud. (*Haverty v. Haverty*, 35 Kan., 438; Black, Judgments, sec. 344.) In the case at bar Cox had a right to expect that Chambers would assist in the trial of the case, notwithstanding he became a member of the firm after Stephens & Herbert were employed by Cox; or, at least, he was justified in believing that Chambers could not lend his assistance to the other side. It is undisputed that Cox was present in the Texas court during the entire trial, and that neither he nor his attorneys made any objection to Chambers appearing in the case for Mr. Barnes, although he was fully advised of such appearance at the very commencement of the trial. Cox should have then and there called the attention of the court to the fact and had Chambers excluded from taking part in the case on the other side. He could not sit idly by, omit to bring the facts to the knowledge of the court, and take the chances on obtaining a favorable verdict, and, if unsuccessful, set up in another court in a suit upon the judgment that such judgment was procured by fraud. He should have moved the Texas court to exclude Cham-

bers from assisting in the case. Not having done so, he cannot now be heard to complain. (*Wilson v. State*, 16 Ind., 392; *Gaulden v. State*, 11 Ga., 47.) The district court did not err in directing the verdict, and the judgment is

AFFIRMED.