## HENRY JOHNSON v. STATE.

No. A-2412.   Opinion Filed February 12, 1916.

(154 Pac. 1004.)

1. **APPEAL—Correction of Sentence.** Under Procedure Criminal, sec. 6003, Rev. Laws, the appellate court has plenary power to rectify the judgment appealed from by reducing the sentence in conformity to the punishment prescribed by the statute.

2. **PUNISHMENT—Correction of Sentence—Assault With Dangerous Weapon.** Upon an information charging assault with intent to kill by shooting with a pistol, the verdict was "guilty of assault with a dangerous weapon, as charged in the information," and assessing the punishment at "one year in the county jail and one hundred dollars fine." The sentence was in accordance with the verdict, held, that the words, "one hundred dollar fine" in the verdict and that part of the judgment imposing such fine should be treated as mere surplusage, and the judgment and sentence should be so modified.

3. **SUFFICIENCY OF EVIDENCE.** The evidence in this case considered, and held sufficient to sustain the conviction for assault with a dangerous weapon.

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Henry Johnson, convicted of assault with a dangerous weapon, appeals.   Affirmed.

*J. Berry King,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the District Court of Cherokee county, charging the crime of assault with intent to kill, the plaintiff in error, Henry Johnson was convicted of the included offense of assault with a dangerous weapon, and the punishment assessed at confinement for one year in the county jail and a fine of one hundred dollars.

From the judgment rendered in accordance with the verdict, the defendant appealed by filing in this court on March 11, 1915, a petition in error with case-made.

No brief has been filed and no appearance was made in behalf of the plaintiff in error when the case was called for final submission, whereupon the case was submitted on the record.

The errors assigned are that:

1. The court erred in overruling the motion for a new trial.

2. That the verdict was not sustained by sufficient evidence.

3. That the verdict is contrary to law in assessing the punishment by a fine and confinement.

The information charged:

."The said Henry Johnson did wilfully, feloniously and with a premeditated design to effect the death of Henry Sanders, make an assault upon the said Henry Sanders with a deadly weapon, to-wit: An automatic pistol, and did then and there unlawfully, wilfully, feloniously and with a premeditated design to effect the death of the said Henry Sanders, shoot and wound him the said Henry Sanders, contrary to," etc.

The evidence shows that the shooting took place at a Sunday school picnic held near Dykes' Chapel, about nine miles south of Tahlequah. There is a direct conflict in the testimony as to the character of the encounter, which took place between the parties when the shooting occurred.

The defendant testified that Sanders was the aggressor and struck him with his fist and that he fired two shots at him with an automatic pistol in self-defense, one of the shots striking Sanders in the side.

Upon the facts, of which the foregoing is a brief outline, the case was submitted to the jury in a charge fully and fairly covering the law. But one instruction therein was objected to. The exception thereto was not well taken. The fifth instruction was as follows:

"You are further instructed, that while the information in this case contains a charge of assault with intent to kill, it also contains a charge of assault with a dangerous weapon, which is defined as follows:

'Any person who, with intent to do bodily harm, and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year.' "

The verdict of the jury was:

"We, the Jury, duly empaneled and sworn in the above entitled action, do upon our oaths find the defendant guilty of Assault with a dangerous weapon as charged in the information, and assess his punishment as follows: One year in the County Jail and One Hundred Dollar fine."

It will be observed that the statute, section 2344, already quoted in the aforesaid instruction No. 5, does not prescribe the payment of a fine as punishment for the crime therein defined. It appears from the record that when this verdict was received no objection to the same was made by the defendant, and the objection to the verdict was first made on a supplemental motion for new trial.

We cannot understand why the court failed to render the judgment in conformity with the provision of the statute which was included and made a part of instruction No. 5. However, we think that the words, "and one hundred dollar fine," in the verdict, and that part of the judgment imposing a fine of one hundred dollars should be rejected as surplusage, and the judgment should be so modified.

Our criminal procedure act provides:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary or proper, order a new trial."

Section 6003 Rev. Laws.

Under this provision this court exercising its revisory jurisdiction has the power and authority to modify any judgment appealed from by reducing the sentence.

*Fritz* v. *State,* 8th Okla. Cr. 342, 128 Pac. 107.

The judgment appealed from will be modified by striking out the words, "and to pay a fine of one hundred dollars."

Having carefully examined the record and finding no material error therein, the judgment and sentence of the District Court of Cherokee county as thus modified will be affirmed.

FURMAN and ARMSTRONG, JJ., concur.