## HORACE SIMMONS v. STATE.

No. A-2858.    Opinion Filed January 25, 1919.

(177 Pac. 626.)

1.  **APPEAL AND ERROR—Review of Evidence.** A judgment of conviction will not be set aside because the evidence is conflicting, provided there is evidence in the record from which the jury could reasonably reach the conclusion that the defendant was guilty.

2.  **HOMICIDE—Assault with Intent to Kill—Information.** For information held sufficient to charge the offense of "assault with intent to kill by shooting at another," see body of opinion.

3.  **SAME.** Where an information charges the offense of intentionally and wrongfully "shooting at another with a pistol with intent to kill and murder," the words "and murder" will be treated as surplusage, where the other allegations of the information clearly and distinctly charge the offense of assault with intent to kill by shooting at another.

4.  **HOMICIDE—Assault with Intent to Kill—Verdict—Sufficiency.** Where the information charges the defendant with assault with intent to kill by shooting at another with a certain pistol which is alleged in the information to be a deadly weapon, and the verdict returned finds the defendant guilty of "assault with a deadly weapon as charged in the information," and fixes the punishment at three and one-half years' imprisonment in the state penitentiary, and the court sentences the defendant to imprisonment for three and one-half years for the crime of assault with intent to kill as charged in the information, said judgment will not be set aside by this court on the ground that the verdict is too indefinite and uncertain, and that the judgment does not conform to the verdict; it being apparent from a consideration of the allegations of the information, the form of the verdict and punishment imposed therein, that it was the intention of the jury to find the defendant guilty of the particular crime for which judgment of conviction was pronounced against him.

*Appeal from District Court, Okfuskee County;
George C. Crump, Judge.*

Horace Simmons was convicted of assault with intent to kill, and brings error. Affirmed.

*W. T. Banks,* for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Okfuskee county, wherein the plaintiff in error, hereafter designated defendant, was convicted and sentenced to serve a term of three and one-half years in the state penitentiary for the offense of assault with intent to kill. This alleged offense occurred in the town of Paden in Okfuskee county near the depot in said town, the defendant and one Bennett engaging in a pistol duel at that place and at a time when numerous people were assembled for the purpose of taking a passenger train out of said town. Neither party using the pistols was punctured by bullets, but, as is ofttimes the case, several innocent bystanders received wounds.

A perusal of the record will convince any disinterested person that both participants were anxious and willing to go "over the top," and from the number of shots fired, many of the spectators no doubt were led to believe that the battle of the Marne was in progress.

The defendant admits the shooting, but contends that he acted in his own necessary self-defense. It is argued here that because the defendant, according to the testimony of some of the witnesses, was not guilty of firing the first shot, he was therefore not the aggressor in bringing on the difficulty, and had a right to shoot because Bennett was shooting at him, but, as is ofttimes the case, there are two sides to this question. Under the state's theory, the defendant armed himself for the purpose of engaging in a difficulty with Bennett, and then sought the opportunity of bringing said difficulty about, and the jury was perfectly justified in taking this view of the evidence, and the mere fact that the evidence of the different witnesses may be in

apparent conflict as to who was the aggressor does not render it mandatory that the jury should acquit, or accept the construction most favorable to the defendant. If the evidence will warrant a reasonable inference of guilt, the fact that it is conflicting is no ground to set aside a judgment of conviction in this court.

Among other assignments of error is one that the information is insufficient to charge the offense of assault with intent to kill. The information, in substance, omitting the formal parts, is as follows:

"That at and within the county of Okfuskee and state of Oklahoma, on the 8th day of February, 1916, Horace Simmons did knowingly, willfully, unlawfully, wrongfully, and feloniously shoot at one Charlie Bennett with a certain loaded pistol then and there held in the hands of him, the said Horace Simmons, same then and there being a deadly weapon, with the felonious intent of him, the said Horace Simmons, to then, there, and thereby kill and murder him, the said Charlie Bennett, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

It is contended in this connection that the information charges the defendant with the crime of assault with intent to murder, a crime unknown to the statutes of this state. While the common-law offense of assault with intent to murder is unknown to our statutory law, and there is a well-recognized distinction between assaults with intent to murder and assaults with intent to kill, we cannot see wherein defendant was harmed or in any way misled by the allegations that the shooting was done with the felonious intent "to then, there, and thereby kill and murder." The allegation "and murder" is mere surplusage, and, when treated as redundant matter, the other allegations of the information fully state the crime of assault with intent to kill by shooting a pistol, as defined in

section 2336, Rev. Laws 1910; the allegation that the pistol "then and there being a deadly weapon" being unnecessary and also redundant, because the statute provides that the intentional and wrongful shooting at another with any kind of firearm with intent to kill is a felony, and a pistol when used as a firearm is considered and treated as a deadly weapon. It is the opinion of the court, therefore, that the trial court did not err in overruling the demurrer to the information.

In the case of *Love v. State,* 2 Okla. Cr. 1, 150 Pac. 913, an information having more matter redundant than is contained in the information in this case was held to be sufficient to charge the offense of assault with intent to kill by shooting with a pistol, this court considering the allegations "of premeditated design and malice" and "to murder" as redundant matter not affecting the validity of the charge.

It is also contended that the verdict of the jury is too indefinite and uncertain to authorize the pronouncement of a judgment of guilty of the crime of shooting at another with intent to kill as defined in section 2336, Rev. Laws 1910. The verdict of the jury is in the following form:

"We, the jury, drawn, impaneled and sworn in the above cause, do upon our oaths find the defendant, Horace Simmons, guilty of an assault with a deadly weapon, as charged in the information, and assess his punishment at confinement in the penitentiary for three and a half years.

"R. P. ROREX, *Foreman.*"

It will be noted that the jury found the defendant guilty of the crime of "assault with a deadly weapon as charged in the information," and assessed his punishment for a term of three and one-half years.

The only charge contained in the information of an assault with a deadly weapon was the shooting by the defendant of a pistol with intent to kill, and the punishment assessed by the jury is such as is permissible under section 2336, *supra.* Counsel says that the verdict returned finds the defendant guilty of the crime defined by section 2344, Rev. Laws 1910, which reads as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

With this contention we cannot agree. The verdict returned, when construed in connection with the crime defined by section 2344, would be clearly more indefinite and uncertain than when construed with reference to section 2336.

It is admitted that the information attempted to charge an assault with intent to kill under section 2336; and, while the verdict returned does not find specifically that the defendant was guilty of assault with intent to kill as charged in the information, still the verdict does find him guilty of assault with a deadly weapon as charged in the information, and the charge in the information is that he used a deadly weapon by shooting it with intent to kill. We believe it is reasonably clear, therefore, that it was the intention of the jury to find the defendant guilty of the crime of assault with intent to kill as charged in the information, and that the court was justified and

authorized to pronounce judgment against the defendant of guilt of the crime charged, and assess his punishment at imprisonment for a term of three and one-half years, in conformity with the verdict.

While it is contended that there is no sufficient judgment in the record on appeal showing exactly of what offense the defendant was convicted, we find that the county attorney suggested an amendment to the case-made by inserting a copy of the formal judgment and sentence, and that such copy was accordingly inserted, and properly forms a part of the record in this case, and shows that the court pronounced judgment against the defendant for a conviction of the crime of assault with intent to kill by shooting. Such judgment is sustained by the allegations of the information, the evidence adduced, the charge of the court, and the verdict returned.

While this is a case in which the evidence is conflicting, and the jury could have acquitted the defendant had his theory of defense been believed, the fact that the evidence is conflicting cannot operate as a reason why this court should set the judgment aside. The frequent use of deadly weapons in public places in this state should meet with stern rebuke and severe punishment, because, as in this case, nine out of ten times it is some innocent bystander who is injured, and the parties to the difficulty escape without a scratch.

Finding no reversible error in the record, the judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.