WASHINGTON FIRE INSURANCE COMPANY *v.* HOGAN.

Opinion delivered June 9, 1919.

1.  COURTS—DECISION AS RULE OF PRACTICE.—A rule of practice rendered in 1884, which has never been overruled and has become an established rule of practice, will not be overruled.

2.  SAME—APPEAL FROM COUNTY COURT—JURISDICTION.—Upon appeal from the county court, the circuit court acquires only such jurisdiction as the county court had, and may render such judgment only as that court could have rendered.

3.  JUDGES—DISQUALIFICATION—WAIVER.—The objection that a judge was disqualified by reason of having appeared for plaintiffs in a previous suit against defendants upon the same cause of action which had been dismissed for want of prosecution will be deemed waived where the cause was allowed to proceed to judgment without calling the judge's attention to his disqualification.

Appeal from Sebastian Circuit Court, Greenwood District; *G. L. Grant,* Special Judge; reversed.

STATEMENT OF FACTS.

This is an appeal from a judgment of the circuit court quashing an execution on the ground that the judgment upon which it was issued was void. The material facts are as follows:

On the 5th day of November, 1912, the Washington Fire Insurance Company brought suit in the Sebastian Circuit Court for the Greenwood District against Daniel Hogan and John W. Jasper upon an open account. On the 6th day of January, 1915, this suit was dismissed by the court for want of prosecution. On the 23d day of December, 1915, the same insurance company through another firm of attorneys instituted a suit in the same circuit court against Daniel Hogan and John W. Jasper on the same account.

The case was tried before a jury which returned a verdict in favor of the plaintiff and judgment was rendered on the verdict. The presiding judge of the circuit court at which the trial was had and the judgment rendered, was a member of the firm of attorneys which had brought the first suit which had been dismissed for want of prosecution. The attention of the presiding judge was not called to the fact that he had been of counsel in the first case which had been dismissed for want of prosecution on the 6th day of January, 1915.

There is nothing in the record to show the disqualification of the presiding judge, or that the case was tried before him by consent. The record does show, however, that the plaintiff appeared by its attorneys and that the defendants were present in person and by attorneys and that both parties announced ready for trial. The case was tried before a jury of the regular panel.

*Rowell & Alexander* and *Warner, Harden & Warner,* for appellant.

1. Article 7, section 20, Constitution, has no application to the facts disclosed by the record here, and if it did the disqualification of the judge was actually waived. The cause of action in the principal case was not the cause of action that would disqualify the judge from presiding as it was an entirely separate and distinct proceeding from the one instituted in 1912 by the firm of Rowe, Little & Rowe.

At common law substantial or direct interest in the litigation was the only cause of disqualification of a judge. Relationship was not a disqualification. 80 Ark. 57. It was equally true that having been of counsel did not necessarily disqualify the judge. Coke, Litt. 294; 7 H. of L. Cases (Eng.), 429; 26 Tex. 586. In the absence of express constitutional or statutory inhibition the disqualification now sought would not exist, and since this qualification created by the Constitution and statute is in derogation of the common law it will be strictly construed. 82 Ark. 247. Moreover, every presumption will be indulged in favor of the validity of the judgment now attacked. 101 Ark. 395.

The instant case is not one where the presiding judge tried the same case instituted by him as a lawyer and before his election as judge. But the suit filed by Rowe, Little & Rowe on November 5, 1912, was dismissed on January 6, 1916, by Judge Little. Thereafter a new suit was instituted by other lawyers, and in that proceeding it is not contended that Judge Little was acting or had previously acted as counsel. His relationship as counsel in the suit actually tried was never created, and if any relationship as counsel and client existed it was in another proceeding separate and apart from the one in which judgment was rendered, and in which all his relations had been severed prior to the institution of the proceeding. He as judge had dismissed the suit filed by Rowe, Little & Rowe. This exact question is presented in 62 Ga. 36. See also 5 Pac. 516; 69 *Id.* 282; 136 *Id.* 804; 22 Md. 447; 9 Fed. 863. The case in 62 Ga. is identical in facts to this case and should be conclusive.

2.   But if in error as to our contention, the ruling of the trial court that the judgment rendered by Judge Little was void was fatal and reversible error.   It is shown and stated in the judgment that Judge Little's attention was not called to the fact that he had formerly been of counsel in the cause, nor did plaintiffs object to him trying the cause, but plaintiffs acquiesced in the trial and was a waiver of any disqualification.   12 Ark. 210; 43 *Id.* 33; 80 *Id.* 60; 15 R. C. L. § 28, p. 540; 69 N. E. 587; 40 S. E. 284; 12 Ia. 85.

The cases in 12 Ark. 210 and 43 *Id.* 33 settle the question in this State.   See also 19 Ark. 96.

A judgment by a disqualified judge is not void, and if parties sit by and do not object nor even call attention to the disqualification they waive all objections.   91 N. Y. 292; 24 Am. & Eng. Enc. L. (1 ed.), 995, and note. While the question is settled in this State it has been before many courts and all have declared that a judgment so rendered is not void.   67 Ala. 271; 17 So. 112; 77 Ga. 46; 106 *Id.* 226; 57 Iowa 160; 8 Lea (Tenn.), 754; 9 *Id.* 500; 64 N. H. 423; 69 Pac. 282.   See also 43 S. E. 438; 66 N. E. 501; 51 N. H. 608; 41 S. E. (S. C.), 978; 20 S. E. 798; 49 Ark. 439; *Ib.* 442; 23 *Id.* 235.

Petitioners did not introduce in evidence the answer filed by Hogan and Jasper in the suit in which judgment was entered nor have they offered any other evidence to show a meritorious defense to the cause upon which judgment was entered.   See 135 Ark. 559.

*R. W. McFarlane,* for appellee.

The judgment was absolutely void and the disqualification can not be waived by the parties.   1 Hopkins, Ch. R. 2; 3 N. Y. 547; 62 Ga. 38; 77 Ind. 141; 58 Tex. 141; 23 Cyc., p. 600, and cases cited.   See also 12 A. & E. Eng. L., p. 50; 43 Ark. 43; 23 Cyc. 600; 48 Ark. 156; 142 N. Y. 130.   Every phase of this case is covered by 58 Tex. 141, which see also.   Freeman on Judg., § 146; Black on Judg., § 174; 23 Tex. 104; 2 Chip. (Vt.), 99; 5 Vt. 124; 8 Johns. (N. Y.) 409; 10 A. & E. Ann. Cas. 970, and note; 23 Ala. 5.

HART, J., (after stating the facts). It is the contention of counsel for appellant that the court erred in holding that the judgment was void on account of the presiding judge being disqualified because he had acted as counsel for the appellant in the first suit against appellees which was dismissed for want of prosecution.

On the other hand, it is the contention of counsel for appellees that the judgment was absolutely void and that no valid execution could issue upon it. The decision of the question involves the construction of article 7, section 20 of the Constitution of 1874, and our decisions relative to it. The section is as follows:

"No judge or justice shall preside in the trial of any cause in the event of which he may be interested or where either of the parties shall be connected with him by consanguinity or affinity, within such a degree as may be prescribed by law; or in which he may have been of counsel or have presided in any inferior court."

It is claimed by counsel for appellees that according to the current of authority where the Constitution or statute expressly provides that a judge shall not preside or shall not sit in a case by reason of personal disqualification because of relationship, interest or having been of counsel in the cause, his disqualification is absolute, and that any judgment rendered by him is void and, therefore, his disqualification cannot be waived by the parties. We will not consider or review these authorities for the reason that as early as 1884 this court held that the objection that the judge was disqualified because of relationship was waived by the failure to call the judge's attention to the fact of disqualification and permitting the case to proceed to judgment. *Pettigrew* v. *Washington County,* 43 Ark. 33. This decision has never been overruled; but, on the contrary, has become an established rule of practice in this State since its rendition. It was so understood by this court in the later case of *Morrow* v. *Watts,* 80 Ark. 57. Doubtless many judgments have been rendered in reliance upon it and many rights have been settled under it. No useful purpose could be

served by overruling it; and it might cause much litigation and controversy, or at least might create needless alarm in the minds of lawyers and litigants who, during all these years, have conformed to the decision in the conduct of their affairs.

Again it is insisted by counsel for appellees that this case is not in point; but we do not agree with counsel in this contention. It is true as claimed by him that the circuit court quashed the judgment of the county court against the son of the county judge and affirmed it as to the other defendants. This court said this was not an error of which the appellants could take advantage because they were severally as well as jointly liable. If the judgment of the county court, however, had been void because one of the defendants was the son of the county judge, as is the claim of counsel, in such cases, the circuit court could have acquired no jurisdiction of the case on appeal. Upon appeal from the county court the circuit court acquires only such jurisdiction as the county court had, and may render such judgment only as the county court should have rendered. *Pride* v. *State,* 52 Ark. 502, and *Price* v. *Madison County Bank,* 90 Ark. 195.

This brings us to a consideration of the question of whether or not, under the facts as disclosed by the record, the personal disqualification of the judge was waived in the case at bar. We answer the question in the affirmative. The record shows that appellees were present in court in person as well as by attorney at the time the judgment in question was rendered. They knew that the presiding judge had been one of the attorneys for appellant when the first suit had been brought and dismissed. The record also shows that they announced ready for trial and allowed the case to proceed to judgment without objection. Having taken their chances of a favorable judgment at the hands of a judge, who they knew was personally disqualified, they cannot, after adverse decision, avail themselves of facts which they knew before the judgment was rendered to get rid of it. In other words, litigants cannot take their chances of a favorable

decision with a judge, who they know is disqualified to sit in the case, reserving the right to set the judgment aside, if it appears to their advantage to do so.

It follows from the views we have expressed that the court erred in holding the judgment void and in quashing the execution issued upon it.

For that error, the judgment must be reversed and the cause remanded with directions to the circuit court to overrule appellee's motion to quash the execution and for further proceedings according to law.