### JACK BONNER v. STATE.

No. A-3996.    Opinion Filed Feb. 10, 1923.
(212 Pac. 440.)

(Syllabus.)

1.    **Assault and Battery.—Evidence Sustaining Conviction of Assault with Dangerous Weapon.** Upon an information charging assault with intent to kill by shooting with a pistol, the verdict was, "guilty as charged in the information, assault with a dangerous weapon, and assess his punishment at confinement in the penitentiary for a period of three years." Record proper examined, and held sufficient to sustain the judgment rendered on the verdict.

2.    **Appeal and Error—Reversal Only for Prejudicial Error.** Only prejudicial errors raised by exceptions reserved, require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that this court is permitted to reverse a conviction, whether or not an exception has been taken in the trial court.

Appeal from District Court, Atoka County; J. H. Linebaugh, Judge.

Jack Bonner was convicted of assault with a dangerous weapon, and he appeals. Affirmed.

J. G. Ralls, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Jack Bonner, was convicted under an information charging that, in Atoka county, on or about 10th day of October, 1919, he did make an assault upon and shoot with a pistol one J. W. Wilbanks with the unlawful and felonious intent to kill the said Wilbanks. The verdict of the jury was:

"We, the jury, drawn, impaneled, and sworn in the above entitled cause do upon our oath find the defendant, Jack Bonner, guilty, as charged in the information, assault with a dangerous weapon, and assess his punishment at confinement in the state penitentiary for a period of three years."

From the judgment rendered on the verdict, an appeal was taken by filing in this court on June 10, 1921, a petition in error with a transcript of the record proper; that is, the information, the instructions given, the verdict, the motion for new trial, and the judgment rendered. The only error assigned is that—

"The court erred in pronouncing judgment against the defendant for assault with a dangerous weapon for the reason that the information charged the defendant with 'assault with intent to kill.' "

Upon the record before us, counsel for plaintiff in error has not properly raised the question. It was not made one of the grounds of the motion for new trial and there was no mo-

tion in arrest of judgment filed. The question is raised for the first time in this court. In fact the record before us contains no exception to any ruling of the court in the proceedings in this case.

Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial court. In the absence of a transcript of the evidence, or any part thereof in the record of this case, the presumption is that the evidence was amply sufficient as to the guilt of the defendant of the offense charged.

It may be well for us to say here that under the holdings of this court the judgment is sufficient. Johnson v. State, 12 Okla. Cr. 260, 154 Pac. 1004; Simmons v. State, 15 Okla. Cr. 442, 177 Pac. 626.

For the reasons stated, the judgment of the trial court is affirmed.

MATSON, P. J., and BESSEY, J., concur.