## D. P. HORTON v. STATE.

No. A-5778.   Opinion Filed Sept. 7, 1926.
(248 Pac. 878.)

Meacham & Meacham and James W. Smith, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

DOYLE, J. The information in this case charges that defendant, D. P. Horton, in Washita county, on or about December 21, 1924, did "then and there unlawfully, intentionally, wrongfully, and feloniously shoot at one W. A. Welch, with a Colt's automatic 32-caliber pistol, pointed at and towards the body of him, the said W. A. Welch, with the felonious intent of him, the said D. P. Horton, to kill the said W. A. Welch, contrary to," etc.

The defendant pleaded not guilty, and the trial was entered without objection in any form to the information. The jury rendered their verdict, finding "the defendant guilty of shooting at another, without justifiable or excusable cause, with intent to injure, although without intent to kill, as charged in the information herein, and fix his punishment at confinement in the state penitentiary for a term of three years." Motion for new trial was duly made and overruled, and judgment rendered in accordance with the verdict.

It is assigned as error that the verdict of the jury is contrary to the law and the evidence, and is not sustained by sufficient evidence. The evidence for the state shows that on the date alleged the complaining witness, W. A. Welch, was driving in a wagon at a point on the highway about four miles south of Cordell; that the defendant drove up behind, and, in attempting to pass the wagon of this witness, drove his car into a ditch at the side of the road; that the defendant left his car, and climbed upon Welch's wagon with an automatic pistol in his hand, and said to the complaining witness, "I ought to kill you; I believe I will," and thereupon the defendant fired one shot at the said Welch from a distance of but a few feet, but missed his aim.

At the close of the evidence for the state there was a motion made by the defendant for a directed verdict, which was overruled. As a witness in his own behalf the defendant testified that he had a wrench in his hand, instead of a pistol, and that he did not shoot at Welch. The testimony of the defendant's wife was in substance the same as that given by her husband.

There are some conflicts in the evidence, but they were for the jury to reconcile, and it was for the jury to determine whether any particular witness swore falsely, or drew too heavily upon his imagination, and the intent with which the assault was committed was a question for the jury. In our opinion there was sufficient evidence to warrant the submission of the case to the jury, both as to the assault and the defendant's intent. It follows that the motion for a directed verdict of acquittal was properly overruled.

It is also assigned as error that the verdict returned is insufficient to authorize the judgment and sentence, in that it is indefinite and not responsive to the information, and is in effect a verdict for simple assault only. The court instructed the jury that the defendant was charged with the offense defined by the first clause of section 1756, C. S. 1921. Said section provides that:

"Any person who intentionally and wrongfully shoots at, or attempts to shoot at another, with any kind of firearm, airgun, or other means whatever, with intent to kill any person, * * * is punishable by imprisonment in the penitentiary not exceeding ten years."

The court also instructed on the included offense as defined by section 1764, C. S. 1921. Said section provides that:

"Any person who, with intent to do bodily harm, and without justifiable cause commits any assault upon the person of another with any sharp or dangerous wea-

pon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm of airgun, or any other means whatever, with intent to injure any person, although without intent to kill such person or to commit a felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

An assault with intent to kill by shooting at another necessarily includes an assault with intent to injure, although without intent to kill. Clemons v. State, 8 Okla. Cr. 452, 128 P. 739. The verdict finds the defendant guilty of the offense defined by section 1764, supra, and is in proper form. Coleman v. State, 16 Okla. Cr. 579, 194 P. 282.

We have carefully examined the instructions, to which no objection was made or exception reserved, and we think they clearly and correctly present the law of the case. The other assignments of error are not sustained by the record, and need not, therefore, be noticed.

We have examined the whole record with care, and, finding no prejudicial error, the judgment appealed from is affirmed.

BESSEY. P. J., and EDWARDS, J., concur.