## J. H. RAY v. STATE.

No. A-5450. Opinion Filed Oct. 23, 1926.
Rehearing Denied Nov. 20, 1926.
(250 Pac. 438.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was charged in the district court of Oklahoma county with shooting with intent to kill, and was convicted of assault with a deadly weapon, and sentenced to serve a term of one year in the state penitentiary.

Upon an examination of the record, it appears that on March 6, 1924, E. D. Boyle, a man 65 years of age, went to the village of Wright Station to repair a residence owned by him. Near the residence the defendant had a garage. Some time before that Boyle had filed a civil suit involving the boundary between his property and that of defendant. While Boyle was making the repair on his building, defendant came over, and sought to talk about their civil suit, which Boyle declined to do. When Boyle had completed his repair some 30 minutes after his arrival, he took his tools, and started to leave the premises, and was met near the porch by defendant, who shot him in the breast with a pistol, seriously wounding him.

Several assignments of error are argued in the brief, and such as are deemed material will be considered. Complaint is made, first, that the verdict is not responsive to the charge in the information. The verdict is as follows:

"We, the jury, drawn, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty of assault with a dangerous weapon, and fix his punishment at one year and one day in the state penitentiary.

"Mike Donnelly, Foreman."

The case is similar to that of Polk v. State, 15 Okla. Cr. 324, 176 P. 538. In the Polk Case, however, the punishment was not assessed by the jury, and defendant objected to its being received. Here no objection was made, and the verdict fixes the punishment, which clearly shows that the jury finds the defendant guilty of a felony in shooting without intent to kill, as defined in the first subdivision of section 1764, Comp. Stat. 1921. Certainly the charge of a felonious assault by shooting with intent to kill (section 1756, Comp. Stat. 1921) in-

cludes the lesser offense of shooting another without intent to kill as defined in section 1764.

In the case of Castleberry v. State, 26 Okla. Cr. 59, 221 P. 1044, this court said:

"The offense defined by section 1764, Comp. St. 1921, an assault with a dangerous weapon, is a lesser degree of assault and included in the offense defined by section 1756, Id."

See, also, Johnson v. State, 12 Okla. Cr. 261, 154 P. 1004; Simmons v. State, 15 Okla. Cr. 442, 177 P. 626; Bonner v. State, 23 Okla. Cr. 44, 212 P. 440; Horton v. State, 35 Okla. Cr. 80, 248 P. 878.

It is next contended that the court erred in excluding evidence offered by defendant and in admitting incompetent evidence offered by the state. This is directed at the exclusion of details of the civil suit between Boyle and defendant and in reference to Boyle's efforts to procure witnesses for the trial of the case and some other items. There was no offer of proof made in most of the instances complained of, such as is required to preserve the question. Winfield v. State, 18 Okla. Cr. 257, 191 P. 609; Cheeves v. State, 18 Okla. Cr. 480, 196 P. 726.

The items of claimed incompetent evidence admitted are questions propounded to the character witnesses of defendant, if they had heard of certain difficulties or claimed difficulties in which defendant had participated. It is well settled that the exclusion of evidence or the improper admission of evidence is not ground for a reversal, unless upon the entire record the court is of the opinion that there has been a miscarriage of justice or a substantial violation of a constitutional or statutory right. Leard v. State, 30 Okla. Cr. 191, 235 P. 243; Dawson v. State, 33 Okla. Cr. 326, 244 P. 57; Russell v.

State, 17 Okla. Cr. 164, 194 P. 242. It is not error to permit a character witness on cross-examination, for the purpose of testing his knowledge and credibility, to state whether or not he heard of rumors and charges against defendant inconsistent with the character which he has testified to.

It is also argued that the court was without jurisdiction to try defendant or to pronounce judgment, for the reason that defendant had not entered his plea to the information. The record shows that the defendant was arraigned and entered a plea of not guilty. Later this plea was withdrawn, and a demurrer and a motion to quash were filed. The plea of not guilty seems not to have been again entered. This question in some form has been before this court several times. Johnson v. State, 5 Okla. Cr. 1, 112 P. 760; Hast v. Territory, 5 Okla. Cr. 162, 114 P. 261; Simpson v. State, 16 Okla. Cr. 533, 185 P. 116; Sherman v. State, 19 Okla. Cr. 269, 200 P. 262; Little v. State, 25 Okla. Cr. 190, 219 P. 242.

The defendant announced ready for trial, and participated in the trial without making any objection that he had not entered his plea. He made no objection when the county attorney in his opening argument stated that he had entered his plea of not guilty, nor did he except to the court's instructions informing the jury that a plea of not guilty had been entered.

We adhere fully to what was said by this court in the case of Simpson v. State, supra:

"Under the provisions of the Code of Criminal Procedure, a defendant has the right to plead to the indictment or information. He may, in answer to the arraignment, either move the court to set aside the indictment or information, or may demur or plead thereto. In exercising this privilege the defendant is required to

act in good faith. He cannot sit quietly by and say nothing about his failure to plead until after the verdict, and then complain. The necessity of a formal plea to an indictment or information is not a constitutional requirement, and, while it was a part of the procedure at common law, in this state it is statutory and it is now well settled that a statutory right may be waived even in capital cases. If the defendant had not been arraigned and asked to plead, it was his duty to claim the right to plead before announcing ready for trial, which the record here shows that he did not do. The jury had been informed in his presence that he had pleaded not guilty, and, after the state had introduced its evidence and rested, he introduced his evidence and made his defense, the same as though his plea had actually been entered."

Error is also assigned in the overruling of the motion for a new trial on the ground of newly discovered evidence. We have examined the motion and the affidavits attached thereto in connection with the entire record. If it be conceded that there is a sufficient showing to obtain the evidence in the first instance, the evidence offered as newly discovered is, nevertheless, cumulative, and there is no reasonable probability that the jury upon another trial, if one should be granted, would arrive at any different conclusion. Howey v. State, 9 Okla. Cr. 453, 132 P. 499; Diffey v. State, 10 Okla. Cr. 190, 135 P. 942; Johnson v. State, supra; McKenzie v. State, 34 Okla. Cr. 233, 245 P. 1005.

Some other assignments of error are argued, all of which have had consideration, but none of which require any special discussion. The errors complained of are not prejudicial. Considering the entire record, we find that defendant had a fair trial; that the instructions correctly submit the law; that the evidence abundantly supports the verdict. In fact, we believe that the defendant was extremely fortunate in receiving as light

a sentence as was imposed; that the record would support a more severe punishment.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.