## KIT CARSON v. STATE.

No. A-7759. Opinion Filed March 28, 1931.
(297 Pac. 311.)

D. E. Ashmore, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, herein-after called the defendant, was convicted of selling whisky to W. N. Jones, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.   From which judgment and sentence the defendant appeals.

The testimony of the state witnesses, W. N. Jones and Watson Hayes, is positive that the defendant sold W. N. Jones some whisky on the 21st day of June, 1929.

The defendant denies he sold any whisky to the witness Jones.   The record discloses a direct conflict in the testimony.

Four errors have been assigned by the defendant as grounds for reversal of this case.   They will be grouped together and considered under assignments 2 and 3; that the court erred in overruling the supplemental motion, and in overruling his motion on the ground of newly discovered evidence.

A motion for a new trial is addressed to the sound discretion of the court, and, unless that discretion has been abused and the rights of the defendant prejudiced thereby, this court will not disturb the judgment.   Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032; Waller v. State, 19 Okla. Cr. 329, 199 Pac. 224.

The defendant argues that his supplemental motion for a new trial should have been sustained for the reason that it was supported by the affidavit of a number of citizens that they would not believe the state witnesses on

226

oath. The trial court in passing on the defendant's motion for a new trial, which motion was based on newly discovered evidence, directed attention to the fact that all the witnesses who made the affidavits as to the truth and veracity of the state witnesses were residents in or near Durant where the trial was held, and that there was no showing by the defendant as to why these witnesses were not called in the trial.

The court did not err in overruling the defendant's supplemental motion for a new trial on the ground of newly discovered evidence.

This court has repeatedly held that, where there was a conflict in the testimony, that was a question for the jury, and, if there was any competent evidence to sustain the verdict, this court would not set the verdict aside. There is sufficient evidence to sustain the verdict. The defendant was accorded a fair and impartial trial. The court properly instructed the jury as to the law. No prejudicial or fundamental errors appear in the record.

The judgment is affirmed.

CHAPPELL, J., concurs. EDWARDS, J., not participating.