EARL MOONEY v. STATE.

No. A-7827. Opinion Filed June 12, 1931.
(300 Pac. 639.)

Chas. R. Alexander and C. H. Wyand, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county of the crime of assault with intent to kill, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of four years.

The evidence of the state was that James H. Boughan was a police officer in the city of Woodward; that at about four o'clock on the morning of September 9, 1928, Boughan observed the defendant on the street attempting to break the lid off a trash box on the street installed by the city of Woodward; that the defendant went on down the street and Boughan was joined by another officer and the two waited and watched for defendant; that defendant passed the officers and went into a cafe, and, as he passed, the officers noticed what appeared to be a pistol in his shirt front; that defendant went into the cafe and made some advances towards customers in the cafe; that Boughan followed the defendant into the cafe and told him to wait, he wanted to see him; that defendant fled out through the back door of the cafe followed by Boughan, and when Boughan reached the screen door at the back of the restaurant the defendant was standing outside of the door with a pistol in his hand, and said "I will kill you"; that Boughan said to the defendant, "Go on, kid, and put up your gun; you don't want to kill anybody"; that thereupon defendant fired five shots at Boughan, one shot going in at the shoulder and coming out at the back, another striking a book in Boughan's pocket and lodging back of a rib, and another striking Boughan's scabbard; fortunately none of the wounds proving fatal.

Defendant, testifying for himself, admitted the shooting, but claimed he was afraid the officers intended to shoot him and shot in his own self-defense; that he had been driving a car and when it ran out of gasoline he looked under the cushions and found the pistol he did the shooting with; that he decided to hide this pistol and was trying to hide it in the trash can when the officers saw him; that he put the pistol in his shirt front in order to hide it from the officers, and that he fled from the

officers because he knew it was unlawful to carry a pistol, and he was afraid to be caught with it on him.

The evidence is sufficient to support the verdict of the jury, and the cause must be affirmed unless the errors complained of by defendant require a reversal.

Defendant contends, first, that it was reversible error for the court to permit Honorable L. A. Foster, who defendant claims was county judge, to assist in the prosecution.

Counsel filing the brief did not assist in the trial of the case. The record discloses that when the case was called for trial, the state appeared by S. M. Smith, county attorney, and L. A. Foster, and the defendant appeared in person and by his attorneys, Chas. R. Alexander and C. H. Wyand. At this time no objection was made to the appearance of Judge Foster and no question raised about his right to appear. The prosecution of the case appears from the record to have been conducted by the county attorney, Mr. Smith, and to have been exclusively in his charge, he examining most of the witnesses and otherwise conducting the prosecution.

Section 4093, C. O. S. 1921, provides:

"No person shall practice as an attorney and counselor at law in any court of this state who is not a citizen of the United States, or who holds a commission as judge of any court of record, or who is a sheriff, coroner, or deputy sheriff; nor shall the Clerk of the Supreme Court, or the clerk of the district court, or probate court, or the deputy of either, practice in the particular court of which he is clerk or deputy clerk; but nothing herein contained shall prevent any judge of any of the courts of this state from finishing any business by him undertaken in the district, circuit or Supreme Court of the United States, prior to his election or appointment as judge; and an alien who

has declared his intention to become a citizen of the United States may practice as if he were a citizen."

Under this section, no judge of a court of record may engage in the practice of law. There are two reasons for this inhibition. First, the state demands that the judge of a court of record shall devote his whole time to the discharge of his duties.

Section 11, art. 2, of the Constitution provides:

"Every person elected or appointed to any office or employment of trust or profit under the laws of the state, or under any ordinance of any municipality thereof, shall give personal attention to the duties of the office to which he is elected or appointed. Drunkenness and the excessive use of intoxicating liquors while in office shall constitute sufficient cause for impeachment or removal therefrom."

Our attention has been called to section 2, chap. 354, Sess. Laws 1929, which provides:

"That the present county judge of Woodward county, Oklahoma, may engage in the private practice of law in cases not brought or had in the county court of said county and when such engagement will not interfere with the discharge of his official duties as county judge of said Woodward county."

This act was approved June 10, 1929. The trial was had on the 17th day of October, 1929. We do not predicate the opinion, however, upon this statute.

The second reason is that the defendant is entitled to a fair and impartial trial. Where the judge of a court of record appears in the prosecution of a case, he brings to such action not only his ability as a lawyer, but his standing and influence in the community as a judge.

This court has held in a number of cases that a judge of a district court is disqualified to practice law, and that

it is reversible error for the trial court, over the objection of the defendant, to permit such judge to appear and assist in the prosecution of a case. Lilly v. State, 7 Okla. Cr. 284, 123 Pac. 575; Roddie v. State, 19 Okla. Cr. 63, 198 Pac. 342; Knight v. State, 49 Okla. Cr. 123, 295 Pac. 409.

The state contends that defendant waived the disqualification of the county judge to assist in the prosecution of the case by failing to make timely objection.

In Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, this court said:

"A party may waive any provision either of a Constitution, treaty, or statute, intended for his benefit."

In State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091, this court said:

"A defendant in a criminal case may waive any right not inalienable, given him by the statute or by the Constitution, either by express agreement or by conduct, or by such failure to insist upon it in seasonable time as will operate as an estopped to his afterwards setting it up against the state."

In Washington Fire Insurance Co. v. Hogan, 139 Ark. 130, 213 S. W. 7, 5 A. L. R. 1585, that court said:

"A disqualification of a judge because he has been of counsel in the case is waived by the adverse party announcing ready for trial, and allowing the case to proceed to judgment without objection, when present in court with knowledge that the judge has been of counsel in the case."

In Galloway v. State, 88 Neb. 447, 129 N. W. 987, that court said:

"Where it appears that the fact that additional counsel was to assist the county attorney was known to counsel for the accused from and before the time of the be-

ginning of the trial, and before any jurors were impaneled, and no prejudice is shown to have occurred to the rights of the accused, an objection to the appearance of such additional counsel was properly overruled."

In Am. & Eng. Enc. of Law (2d Ed.) vol. 3, at page 300, the rule is stated.

"An objection to attorney's appearance must be made early in the case, at the first reasonable opportunity; otherwise it will be presumed to have been waived." Webber v. Barry, 66 Mich. 127, 33 N. W. 289, 11 Am. St. Rep. 466; Cox v. Barnes, 45 Neb. 172, 63 N. W. 394."

This right of the state to have the judge of a court of record give his whole time to the duties of his office and refrain from the practice of law, and this right of a defendant to be protected against the undue influence of a judge of a court of record and to prevent his appearance in the prosecution of a case against defendant may be waived, and is waived, where neither the state nor the defendant make any objection to nor challenge the right of such judge to assist in the prosecution or defense of a case.

When a judge of any court of record appears to prosecute or assist in the prosecution of any case pending in court, it is the duty of the trial judge to refuse to permit such judge to appear and practice in such court.

It was error for the county judge to assist in the prosecution, but it is not every error that requires a reversal of the case. When an error has been committed upon the trial of a case, it is the duty of the court upon an inspection of the entire record to determine whether or not defendant suffered any material injury from such error. Unless such injury appears, the error will not be ground for reversal. Hooper v. State, 7 Okla. Cr. 43, 121 Pac. 1087; Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438; Crowell v. State, 42 Okla. Cr. 392, 276 Pac. 518.

Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done, that this court is permitted to reverse a conviction, whether or not an exception has been taken in the trial court. Bonner v. State, 23 Okla. Cr. 44, 212 Pac. 440.

Defendant next contends that the court erred in refusing to give certain requested instructions.

An examination of the record discloses that the instructions of the court given on its own motion state the law as applicable to the facts in the case, and were as fair to the defendant as the evidence warranted. The instructions requested by defendant are, in substance, included in the general instructions given by the court upon its own motion. It was not error, therefore, for the trial court to refuse to give the requested instructions. Hawkins v. State, 24 Okla. Cr. 82, 216 Pac. 166; Hamilton v. State, 38 Okla. Cr. 62, 259 Pac. 168.

Defendant next contends that the court erred in refusing to grant a new trial on the ground of newly discovered evidence.

The showing made by defendant upon said motion was wholly insufficient for the reason that it failed to disclose any diligence upon the part of the defendant in procuring the presence of this witness or in obtaining his testimony at the former trial.

Motions for new trial upon the ground of newly discovered evidence are addressed to the trial court's sound discretion, which will not be disturbed except for manifest abuse thereof. Mann v. State, 49 Okla. Cr. 210, 292 Pac. 883; Caldwell v. State, 50 Okla. Cr. 13, 295 Pac. 231; Carson v. State, 50 Okla. Cr. 224, 297 Pac. 311.

A careful examination of the record discloses no reversible error. The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.