## JOHN HALL v. STATE.

No. A-592.    Opinion Filed April 6, 1912.

(122 Pac. 729.)

INTOXICATING LIQUORS—Criminal Prosecution—Punishment. Where on appeal from a conviction for selling a pint of whisky the evidence shows that the defendant, a negro boy, was induced by private detectives to so violate the prohibition law, this being his first offense, and the maximum penalty was imposed by the court on the recommendation of the jury, and there were irregularities on the trial insufficient to constitute reversible error, the court being of opinion that the punishment assessed is excessive, will modify the sentence to 60 days' confinement and a fine of $100.

(Syllabus by the Court.)

*Appeal from Kingfisher County Court;*
*John W. Graham, Judge.*

John Hall was convicted of violating the prohibition law, and appeals. Modified.

*John T. Bradley,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error was informed against for selling on March 18, 1909, one point of whisky to Karl Howey, for the sum of $1. Upon a trial had he was found guilty by the verdict of a jury with a recommendation to the court to impose the maximum penalty. Conformably to the recommendation, the court sentenced the defendant on October 9, 1909, to serve a term of six months in the county jail and to pay a fine of $500. From which judgment he appeals.

The questions raised by the errors assigned here insisted upon are "that the penalty assessed in this case was excessive, that the jury was biased and prejudiced against the defendant."

The proof on the part of the prosecution, briefly stated, is as follows: Karl Howey, who verified the information, testified that on March 18th he met the defendant near the First National Bank in Hennessey and asked him if he had any whisky. He said there was a bottle in a wagon box back of Goodwin's store, that he bought it for another man and the man did not take it, and said, "You give me a dollar and I will go down and get it." That he (Howey) and Earl Folk walked down there; that the defendant picked up the bottle and said, "Here it is," and laid it down in the wagon box again. That witness then picked up the bottle; that he had given the defendant a dollar when he first met him. That he and Folk went to the Rhodes Hotel and opened the bottle in the presence of J. M. Rogers and R. M. Dudley, two other private detectives; that this was about half past two in the afternoon. That he was receiving $5 a day with three other detectives from Wichita. That he asked the defendant for whisky because he was the first man he met; that the wagon was about half the length of the courtroom behind the Rhodes Hotel.

Earl Folk testified that he was a private detective and lived at Wichita, Kan., that he was in Hennessey on March 18th; that he saw the defendant talking with Karl Howey, but did not hear what was said, but could see their hands passing back and forth. That he went with Howey to a wagon box in the rear of the Rhodes Hotel, that the defendant was with them, and picked a pint of whisky up and says, "Here it is," and then laid it down. That Howey took it and they went to the Rhodes Hotel where they were staying with Rogers and Dudley, and gave it to Mr. Rogers. That he was getting $5 a day for working up liquor cases.

J. M. Rogers testified that he was in the secret service business at Wichita, Kan.; that Howey and Folk brought him a bottle of whisky to the Rhodes Hotel, and he marked the bottle: "John Hall, 2:25 p. m., Thursday, March 18, 1909."

R. M. Dudley testified that he resided at Wichita, Kan., and was a private detective; that he saw the defendant in Hennessey on the 17th, 18th, and 19th of March.

On the part of the defense, several witnesses testified that the defendant, a negro boy, had lived with his father in and around Hennessey for about eight years; that they did not see him in town for about a week preceding March 22d, and that at the time he was picking cotton bolls on a farm near Hennessey.

There was no evidence that the defendant ever shipped in or received any whisky, or had any in his possession, or was connected with any place where whisky was sold, or that he had ever otherwise offered whisky for sale, or that he had ever been convicted of any offense.

Under the peculiar circumstances of this case, we are inclined to think that six months in jail and a fine of $500 for his first offense upon a negro boy without property or means is excessive. Allowing the defendant a credit of $2 per day on the fine for each day in jail after his jail sentence expires, it amounts to fourteen months in jail for procuring a pint of whisky for white detectives who evidently schemed to induce this negro boy to violate the prohibition law.

While the jury are the sole and exclusive judges of the facts proven, we are inclined to believe that the court should have ignored its recommendation as to the punishment. The question of punishment was not submitted to the jury. For this reason we believe that the judgment and sentence should be modified. The punishment of the law for offenders is not only to repress crime, but also to reform the offender. The moral responsibility of the offender, his knowledge of right and wrong, and his general want of knowledge, should be considered—what is the light against which he has been sinning; for surely it may be said that it is as true now as of old that "he that knoweth his master's will, and doeth it not, shall be beaten with many stripes, but he that knoweth it not, with few."

In his motion for a new trial, the defendant alleges prejudice on the part of the jury in recommending the maximum punishment and offered to prove statements made by jurors supporting this contention, which offer was rejected by the court. Other irregularities not amounting to reversible errors appear.

For the reason stated, the judgment of the lower court is hereby modified by assessing his punishment at 60 days' confinement in the county jail of Kingfisher county, and to pay a fine of $100, said fine if not paid to be satisfied by imprisonment as provided by law.

The judgment and sentence as modified is hereby affirmed and the cause remanded to the county court of Kingfisher county, with direction to enforce the judgment and sentence as modified.

FURMAN, P. J., and ARMSTRONG, J., concur.