## CHAS. H. KOOZER v. STATE.

No. A-888.   Opinion Filed May 16, 1912.

(123 Pac. 554.)

1.   APPEAL—Harmless Error.   A defendant upon trial for his life
or liberty should be protected in the full enjoyment of every ma-
terial right given him by law, but it is also true that the interests
of society and the rights of other persons should also be carefully
guarded and protected in the trial of every criminal case.

2.   SAME.   Where the record shows that a defendant has been fairly
tried and the evidence sustains his conviction, a new·trial will not
be granted upon any error or technicality, unless it appears from
the record that the defendant was deprived of some material right
and suffered injury thereby.

3.   APPEAL—Presumption as to Effect of Error.   The doctrine that
error in the trial of a criminal case presumes injury is not recog-
nized in Oklahoma.   On the contrary, the presumption is that all
proceedings in a court of record are regular, and, before a convic-
tion will be reversed, the burden is upon appellant to show two
things:   First, that error was committed· upon his trial; second,
that this error materially contributed to his conviction and de-
prived him of a legal right.

4.   HOMICIDE — Justification — Self-Defense.   Where a defendant
without real or apparent necessity voluntarily enters into a mu-
tual combat with another, in which he takes the life of his an-
tagonist, such killing will not be in self-defense, but the defend-
ant will be guilty of either murder or manslaughter, according
to the circumstances and nature of such combat.

5.   SAME.   Where a defendant has sought or provoked a difficulty
with the deceased, in order that he might have an opportunity or
pretext for killing or inflicting serious bodily injury upon him,
and in such combat does kill the deceased, the defendant is guilty
of murder, it matters not how hard pressed he may have been in
the conflict, unless after such provocation had been given, and
before the fatal blow was struck or shot was fired, it appears from
the evidence that the defendant abandoned such intention and
in good faith sought to withdraw from the conflict.   If this ap-
pears from the evidence, then the defendant's right of self-de-
fense would revive, and he would have the same right to defend
himself as though he had not furnished such provocation.

6.   SAME.   Where a defendant seeks or provokes a difficulty with-
out any intention of killing or doing serious bodily injury to the
deceased, and a conflict ensues, and the defendant, being hard
pressed, kills the deceased, then appellant will be guilty of man-
slaughter, unless before the fatal blow was struck or shot was

fired the defendant sought to withdraw from the combat as explained in syllabus 5.

7.    **HOMICIDE—Murder—Intent.** No man can take advantage of his own wrong and plead as a defense for taking human life a necessity which arose from his own intentional wrongdoing. The line of demarcation between murder and manslaughter is the character of the intention with which the defendant seeks, occasions, or provokes a fatal difficulty, and this intention is to be gathered from the facts and circumstances in evidence.

(Syllabus by the Court.)

*Appeal from District Court, McCurtain County;*
*D. A. Richardson, Judge.*

Chas. H. Koozer was convicted of manslaughter in the first degree and his punishment was assessed by the jury at imprisonment in the penitentiary for four years, and he appeals. Affirmed.

*Tom W. Neal* and *Hosey & Leggett,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   In their brief in this case counsel for appellant have ignored and apparently lost sight of the question of the guilt or innocence of their client. They have, however, displayed great ability in presenting every conceivable technical objection that could have been made to each step taken during the trial of the case. If the ability of counsel for appellant to make a technical defense was the turning point in this case, then beyond all question a new trial should be granted. The members of this court have themselves had some experience in the trial of criminal cases, and we are of the opinion that in a closely contested murder case, such as this was, it is almost impossible for the fairest, most patient and learned trial judge to prevent able and experienced attorneys for a defendant from injecting errors of greater or less importance into the record during the trial. We believe that a defendant upon trial for his life or liberty should be protected in the full enjoyment of every material right given him by law, but we also believe that the interests and rights of society should also be protected in the trial of criminal cases. Men

who are disposed to trample upon the law and the rights of others must be taught that the time has passed in this state, never to return, when they can escape punishment for offenses committed, upon a mere technical defense.

It is for these reasons that we have repeatedly announced that the commission of error in the trial of a criminal case will not be ground for the reversal of a conviction, unless it appears from the record that the defendant was deprived of some material right thereby; and that, where a defendant has been fairly tried and his guilt is clearly established, we will not reverse a conviction, unless it appears from the record that the defendant has been deprived of some material right to his injury. See *Byers v. Territory*, 1 Okla. Cr. 677, 100 Pac. 261, 103 Pac. 532, and all other cases decided since.

We have carefully read appellant's brief, covering 53 pages, and have examined the record, covering 385 pages, and we fail to find that any material error against appellant was committed upon the trial of this cause. Many of the questions presented by counsel for appellant have been passed upon by this court; others are without merit. While we have carefully examined all of the questions presented by counsel for appellant, we will confine our discussion to one question, where error was committed, not against, but in favor of, appellant.

In paragraph 11 the court instructed the jury as follows:

"The court instructs the jury that no abusive words or opprobrious epithets used by one person toward another will justify an assault or constitute an act of aggression so as to deprive the one using them of the right of self-defense, unless they are used for the purpose of provoking or bringing on a difficulty. If, however, abusive words or opprobrious epithets are applied by one person to another in his presence for the purpose of provoking the other into assaulting the one using such words, and thus furnishing a pretext to the one using such words or epithets for using force or violence upon the other, and a difficulty thereupon ensues, then the person so seeking the difficulty cannot avail himself of the plea of self-defense. And if you believe from the evidence that the deceased, Parks Cabaness, assaulted the defendant with an ax, but further believe and find from the evidence in this case beyond a reasonable doubt that immediately prior thereto

the defendant had applied abusive words or an opprobrious epithet to the deceased, then it is for you to determine, under all the facts and circumstances in evidence before you, whether or not the defendant in so.doing was seeking to provoke a difficulty with the deceased. If you find and believe from the evidence in this case beyond a reasonable doubt that the defendant applied such epithets to the deceased for the purpose of inducing the deceased to enter into a combat with the defendant, and a combat thereupon ensued, then the defendant could not plead the law of self-defense so long as the defendant had not abandoned that combat. If, however, you fail to find from the evidence in this case beyond a' reasonable doubt that the defendant applied such epithets to the deceased for the purpose of bringing on a difficulty with the deceased, then the mere fact alone that the defendant may · have applied an opprobrious epithet to the deceased would not, deprive the defendant of the right of self-defense, if he was assaulted by the deceased."

Counsel for appellant in their brief say:

"This instruction is undoubtedly erroneous, in that it instructs the jury that before they can acquit the defendant they must find, beyond a reasonable doubt, that he was assaulted and acted in his own self-defense."

We cannot agree with the contention of counsel for appellant that this instruction required the jury to find beyond a reasonable doubt that appellant acted in his own self-defense before they could acquit him. On the contrary, we think this instruction, with the additions hereinafter suggested, is a clear and just statement of the principles of the law therein presented, and that it is applicable to the facts in this case. To prevent misapprehension from the first paragraph in this instruction, we desire to state that, although a defendant may not have any intention of provoking a difficulty with the deceased, yet if the jury should be satisfied beyond a reasonable doubt, from the language or conduct of the defendant, or from all of the facts and circumstances in evidence, that the defendant and the deceased voluntarily— that is, willfully and without real or apparent necessity—engaged in a mutual combat knowing, or having reason to believe, that it would or might result in death or serious bodily injury to either of such parties, and death ensued from such conflict, then the sur-

vivor could not plead self-defense and would be guilty of murder; but if such a combat took place, and the defendant did not know or have reason to believe that it would or might result in death or serious bodily injury to either or both of such parties, and if the defendant without intending to kill or inflict serious bodily injury upon the deceased struck the fatal blow, then the defendant would be guilty of manslaughter, and in either case it would be immaterial as to who struck the first blow or made the first attack. It is the law that no man can take human life upon a necessity which he wrongfully and willfully assisted to create. We have made these observations to prevent any one from being misled by what is contained in the instruction under consideration.

The court correctly instructed the jury that, where abusive words or opprobrious epithets are used by one person toward another for the purpose of provoking or bringing on a difficulty and thus furnishing a pretext for the one using such words or epithets, using force or violence upon the other, and a difficulty thereupon ensues, then the person so seeking or provoking the difficulty cannot avail himself of the plea of self-defense. The court instructed the jury that they must find from the evidence beyond a reasonable doubt that the defendant so sought and provoked a difficulty with the deceased before they could convict him. The greatest defect in this instruction is that it should have gone further and told the jury that, if they found from the evidence beyond a reasonable doubt that the appellant used such insulting language to the deceased for the purpose of provoking him into a difficulty and furnishing the appellant a pretext for killing or doing him serious bodily injury, and that thereby a combat ensued in which the appellant killed the deceased, then the appellant would be guilty of murder; but if appellant used such language toward the deceased for the purpose of bringing on a difficulty without any intention on the part of appellant to kill the deceased or do him serious bodily injury, then the appellant would be guilty of manslaughter. But this was an error which

inured to the benefit of appellant, and of which he therefore cannot be heard to complain.

We desire to emphasize the fact that, in all trials for murder in which the doctrine of provoking the combat arises, the court should always clearly instruct the jury that if they are satisfied from the evidence beyond a reasonable doubt that the defendant sought, provoked, or occasioned the difficulty with the deceased for the purpose of killing him or inflicting serious bodily injury upon him, then in all such cases such defendant is guilty of murder if he kills the deceased in such combat, it matters not how hard pressed he might have been himself therein, unless before the fatal blow was struck or shot was fired the defendant in good faith seeks to abandon or withdraw from such combat.

But where a defendant seeks, provokes, or occasions a difficulty with the deceased without any intention of killing or inflicting serious bodily injury upon the deceased, but merely for the purpose of afflicting personal chastisement upon him, and such combat ensues in which the defendant kills the deceased, then his offense is manslaughter.

The line of demarcation between murder and manslaughter is the character of the intention with which a defendant provokes a fatal difficulty, and this intention is to be gathered from the facts and circumstances in evidence. See *Boutcher v. State,* 4 Okla. Cr. 576, 111 Pac. 1006.

We think that the evidence in this case would have warranted the court in submitting the case to the jury upon the theory that appellant sought and provoked this difficulty in order that he might have a pretext for killing or inflicting serious bodily injury upon the deceased; and if the jury had so found and convicted the appellant of murder with the extreme penalty, we would have sustained the verdict.

The deceased was an inoffensive old man 65 years of age. The appellant was a strong and vigorous young man. Appellant, armed with a pistol, without apparent cause, became offended with the deceased and grossly insulted and followed him up and finally shot him down, claiming that deceased had attempted to

assault him. If this is self-defense, then the law places a premium upon the most cowardly kind of assassination. This court is unhesitatingly of the opinion that the interests of society and the lives of law-abiding people can be best protected by hanging all such offenders.

The only errors committed in this case were those in favor of and beneficial to appellant.

The judgment of the lower court is therefore in all things affirmed.

DOYLE,· J., concurs; ARMSTRONG, J., not participating.