## A. B. CRAIGHEAD v. STATE.

No. A-6902.   Opinion Filed Nov. 16, 1929.
(282 Pac. 476.)

Thomas Norman, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Carter county upon an information charging him with the crime of unlawful possession of mash which was then and there fit and suitable for distillation of intoxicating liquor, to wit, whisky and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The defendant contends that the evidence of the state was wholly circumstantial, and that the court erred in refusing to give defendant's requested instruction on circumstantial evidence, which reads as follows:

"Defendant requests the Court to instruct the jury that the evidence herein against the defendant is circumstantial, and before you would be justified in returning a verdict of guilty, you must find and believe that all the facts and circumstances admitted for your consideration are consistent with each other and with the guilt of defendant, and absolutely inconsistent with the theory of defendant's innocence."

The requested instruction did not correctly state the law. The court on its own motion gave an instruction on circumstantial evidence. This instruction also is not a

model, but it sufficiently states the law as applicable to the facts in the case. The refusal to give requested instructions will not be held to be reversible error unless in the opinion of the court, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. Highfill v. State, 26 Okla. Cr. 420, 224 Pac. 729.

The defendant groups the balance of his errors complained of under the proposition that the evidence is insufficient to sustain the verdict. The jury are the exclusive judges of the weight of the evidence and of the credibility of the witnesses. If there is a clear conflict in the evidence, or it is such that different inferences can properly be drawn from it, the determination of the jury will not be interfered with unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The evidence in this case was sufficient to establish the guilt of the defendant beyond a reasonable doubt. The errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.