# E. A. CALDWELL v. STATE.

No. A-7650.  Opinion Filed Jan. 3, 1931.
Rehearing Denied Jan. 24, 1931.
(295 Pac. 231.)

James Shakelford (Logan Stephenson and Ethel M. Proffitt, on the brief), for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of the crime of assault with intent to kill, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence offered by the state and the defendant is voluminous. Without setting out the evidence of the state, it is sufficient to say that it supports the verdict of the jury, and the case must be affirmed unless the errors of law complained of by the defendant are sufficient to require a reversal of the case.

Defendant first contends that the court erred in admitting certain incompetent evidence in behalf of the state.

The defendant had offered evidence to show what Peters, the man who was shot, had said shortly after being shot. The statement was taken in writing by an attorney to be used as a dying declaration in case of the death of Peters. This statement was introduced by the defendant, and the state in rebuttal was permitted to show that the statement was not a full and complete one, and that at the same time Peters said that defendant shot him, and that Geo. W. Perry was present. While the evidence was not admissible as a part of the res gestae, or dying declaration, yet it was admissible on rebuttal in order that the state might get before the jury all that Peters had said at that time. Rhea v. State, 104 Ark. 162, 147 S. W. 463.

Defendant next complains that the court erred in admitting the testimony of Beatrice Pittman, who testified that she was the first person to reach Peters after he was shot, having run about two blocks to where she found him wounded and still lying in the street, and that he told her that defendant shot him and that Geo. W. Perry was with him. This evidence was admissible as a part of the

res gestae. Johnson v. State, 1 Okla. Cr. 349, 97 Pac. 1059, 18 Ann. Cas. 300; Nail v. State, 18 Okla. Cr. 40, 192 Pac. 592; Looper v. State, 42 Okla. Cr. 341, 276 Pac. 503.

Declarations, to be a part of the res gestae, need not be precisely coincident in point of time with the principal fact. Price v. State, 1 Okla. Cr. 358, 98 Pac. 447; Borden v. State, 36 Okla. Cr. 69, 252 Pac. 446.

Defendant next contends that the court erred in refusing to permit the stenographic notes of the testimony of H. C. Glaze to be read to the jury.

Glaze had been a witness in the preliminary and his testimony had been taken by the court stenographer but not reduced to writing. Glaze had been subpoenaed as a witness for the defendant, and was present at the trial on the day before he was called as a witness, but was not present at the time he was called to testify. Defendant's counsel then stated to the court that the witness had been subpoenaed and had been there, but was gone because he was sick, and asked leave to have the stenographer read the notes of his testimony. The state objected on the ground that no sufficient predicate had been laid for the admission of such testimony.

In the case of Weil v. State, 47 Okla. Cr. 88, 287 Pac. 752, this court said:

"Where a witness has testified at a former trial, or at a preliminary hearing, and the defendant had an opportunity to cross-examine him, the evidence so given may be read as the evidence of the witness at a subsequent trial where the witness is dead, is out of the jurisdiction of the court, or his whereabouts is unknown, or his presence with due diligence cannot be obtained, or where he is sick and unable to testify."

See, also, De Bose v. State, 18 Okla. Cr. 557, 197 Pac. 176.

No proper predicate having been laid for the introduction of this evidence, it was not error for the trial court to refuse to permit the same to be read to the jury.

Defendant next complains of the conduct of Attorney J. H. Nolan, taking part in the trial of the case. There is nothing improper in private counsel employed by interested parties appearing in a case and assisting in the trial thereof, as long as the county attorney or other proper prosecutor retains charge of the case. There is nothing in the record to indicate that the special counsel was guilty of any conduct prejudicial to the rights of the defendant.

Defendant next contends that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence. A motion for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court. The presumption is that the discretion was properly exercised, and the ruling of the trial court will not be disturbed except for an abuse of this discretion. Peters v. State, 35 Okla. Cr. 367, 250 Pac. 1032; McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026.

Some of the affidavits attached to the defendant's motion for a new trial were to the effect that a state witness had made the statement to each of them that she did not know who shot Peters.

In Bowlegs v. State, 9 Okla. Cr. 69, 130 Pac. 824, this court said:

"A verdict should not be set aside because of affidavits being filed in support of motion for new trial, showing that the affiants had heard a witness for the state

make statements directly contrary to such witness' testimony in the trial."

Defendant also attached to his motion an affidavit regarding a letter purporting to have been written by Peters to one Ethel Battiste, and purporting to have been written by Bertha Tipton, a stenographer, at the dictation of Peters. The affidavit was not made by the stenographer, but was made by one Geo. W. Perry.

When defendant claims that he has discovered a witness who will testify to something new, he should procure the affidavit of such witness, instead of procuring the affidavit of some other person who swears that he heard such new witness say so and so. Hurst v. Territory, 16 Okla. 600, 86 Pac. 280.

The showing made by the defendant in his motion for a new trial on the ground of newly discovered evidence being insufficient to require a new trial, the trial court did not err in overruling the same.

Defendant complains of other errors, but none of them are sufficiently material to require a separate discussion of them in this opinion.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.