## NOEL SKELTON v. STATE.

No. A-8028.   Opinion Filed April 4, 1931.
(297 Pac. 828.)

Hal Welch, J. H. Warren, and Choice D. Holden, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county of the crime of murder, and his punishment fixed by the jury at imprisonment in the state penitentiary during his natural life.

The evidence of the state was that the deceased, Jesse Greenwood, was a stepson of the defendant; that on the day of the homicide the deceased went to the home of his mother and stepfather; that he had a bottle of whisky and wanted his mother to drink with him; that he cried when she refused, and she thereupon took a drink with him; that about this time the defendant returned to his home,

and deceased insisted upon his taking a drink with him; that, after some argument, the deceased and the defendant and his wife all drank some more whisky; that the deceased became boisterous and insisted on his mother going with him to the store; that after some persuasion the mother and deceased left the house and went out into the yard on their way to the store; that deceased had his hand on his mother's shoulder and had a harp in the other hand; that defendant came out into the yard and struck the deceased with the flat side of a two-bitted ax, but did not knock deceased down; that thereupon defendant and deceased engaged in a scuffle, and that during the scuffle defendant stabbed the deceased 22 times with a knife; that any one of three of the wounds so inflicted would have been fatal; that, when the difficulty started, the mother fled and returning in a short time found defendant in the house with the knife in his hand, and the deceased dead in the yard; that the mother was the only eyewitness except the defendant; that following the homicide the mother applied for a divorce from the defendant and was granted one prior to the time she testified for the state.

Defendant claimed that the deceased was making an assault on defendant's wife, and that he struck him with the ax to make him cease from such assault, and that deceased then turned on him, and in the fight that followed he was compelled to use the knife on the deceased to save his own life.

Defendant contends that the evidence is insufficient to support a verdict of murder, and at most establishes only manslaughter in the first degree.

Defendant admitted that he killed the deceased, and, when he did this, the burden fell on him to mitigate or excuse the act, or to raise a reasonable doubt thereof.

Nothing in the record indicates that at the time defendant assaulted deceased with the ax either he or his wife was in any danger from deceased.

Defendant's wife denies that deceased was committing any assault upon her, or that she was in any danger at the hands of the deceased.

Defendant having brought on the difficulty by assaulting deceased with an ax, he could not thereafter claim he acted in self-defense, unless he withdrew from the combat. Koozer v. State, 7 Okla. Cr. 340, 123 Pac. 554; McDaniel v. State, 8 Okla. Cr. 209, 127 Pac. 358; Rich v. State, 31 Okla. Cr. 391, 239 Pac. 183; Wilkie v. State, 33 Okla. Cr. 225, 242 Pac. 1057.

The record discloses that, instead of withdrawing, defendant cut and stabbed the deceased 22 times with a knife. His own testimony shows that he was not acting in self-defense. If at the time the fatal thrust was made the defendant entertained a premeditated design to kill deceased, it was murder, unless justifiable or excusable, and the jury found by their verdict that it was neither.

Defendant next contends that the court erred in overruling his motion for a new trial upon the ground of newly discovered evidence.

An examination of the record discloses that the defendant exhibited no diligence in attempting to discover the so-called new evidence. A statement made by the wife of defendant to the county attorney had been taken in writing and transcribed, and this was known to defendant's counsel. Neither the county attorney, defendant's wife, nor the interpreter who interpreted when the statement was taken was called as a witness, and no effort was made by the defendant to procure this testimony be-

fore the verdict of the jury. It might be further said also that the so-called new evidence was only cumulative and tended to impeach the prosecuting witness, and for that reason would not be sufficient ground for a new trial.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court, and, where no abuse of discretion appears, the cause will be reversed. Caldwell v. State, 50 Okla. Cr. 13, 295 Pac. 231.

Defendant next complains that the court erred in his instructions to the jury. A careful examination of the record discloses that the instructions given were the usual instructions given in a murder case and fairly state the law as applicable to the facts in this case.

Defendant next complains that the trial court erred in failing to give requested instruction No. 9, which reads as follows:

"If one strikes a blow in defense of his wife, he is justified or not accordingly as his wife would be guilty or innocent, had she struck the blow."

This instruction was demanded upon the theory that the defendant was acting not only in his own self-defense, but was acting in the defense of his wife. The wife flatly contradicted the evidence of the defendant, and said that the deceased was making no hostile demonstration toward her and that she was in no danger from the deceased at the time defendant committed the homicide.

A careful examination of the record shows that the court in No. 7 gave an instruction more favorable to the defendant than the one requested by him. It was not error, therefore, for the court to refuse to give the instruction requested. Tate v. State, 45 Okla. Cr. 271, 281 Pac. 820; Craighead v. State, 45 Okla. Cr. 184, 282 Pac. 476.

320

The evidence of the state supports the verdict of the jury. An examination of the record discloses that the defendant had a fair trial and that the errors complained of are without merit.

The cause is therefore affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.