## CLEVE CALVERT v. STATE.

No. A-1627.   Opinion Filed October 21, 1913.

(135 Pac. 737.)

1. **APPEAL—Verdict.** (a) Under the law in Oklahoma controverted questions of fact, involving the guilt or innocence of a person on trial in a court of competent jurisdiction, before a jury, are to be settled exclusively by such jury.

(b)   When an accused is on trial and there is a direct conflict in the testimony between witnesses for the state and witnesses for such accused on the material issues, this court, in the absence of error of law, will not on appeal reverse a conviction.

2. **NEW TRIAL—Grounds.** A supplemental motion for a new trial in a criminal case based on an allegation of newly discovered evidence is properly denied, when the showing made clearly indicates that the testimony is not newly discovered evidence, but cumulative evidence which would tend only to corroborate other testimony given on the trial.

*Appeal from District Court, Carter County;*
*S. H. Russell, Judge.*

· Cleve Calvert was convicted of larceny of domestic animals, and he appeals. Affirmed.

*Guy H. Sigler, R. A. Howard,* and *Chas. Von Weiss,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J. Plaintiff in error, Cleve Calvert, was tried and convicted at the October, 1911, term of the district court of Carter county on a charge of larceny of domestic animals, and his punishment fixed at imprisonment in the state penitentiary for a period of one year. The proof upon the part of the state tends to show that W. W. Means was living at Hewitt, and was the owner of a pale red heifer calf running on the range near said town; that the plaintiff in error, Calvert, stole the calf, as alleged in the information, changed the mark, and branded it, but did not use his regular brand. After having missed the calf for some time Means found it in the possession of Calvert. He testified that Calvert told him that he had bought it from Willie Wilkes, and paid for it by check on the First State Bank of Hewitt. Later, when Means asked him to produce the check, Calvert stated that he did not pay for it with a check, but paid for it with money. A number of witnesses testified positively that the calf in question was that of the prosecuting witness. On behalf of plaintiff in error some two or three witnesses, whose reputations are attacked, one of whom having formerly served a term in the penitentiary for larceny, testified that they saw Calvert when he purchased the calf of Willie Wilkes. A number of other witnesses testified to the good reputation of Calvert in the community where he lived. On these facts the jury found plaintiff in error guilty, and assessed his punishment at a year in the penitentiary. The court who presided over the trial declined to set aside the verdict and grant a new trial. There are no errors of law on which a reversal can be predicated. The instructions are fair and completely cover the issues joined.

We have in many cases announced that under the law as it exists in Oklahoma the appellate court will not undertake to reverse a judgment, in the absence of errors of law, when there is a clear conflict in the testimony, after a jury has found adversely to the contentions of an accused and the finding has been approved by the trial court. An appeal in such case is absolutely useless unless there are substantial errors of law to be relied on. We cannot say in this case that the verdict is contrary to the evidence as a matter of law. Therefore we cannot reverse the judgment. The statutory law in Oklahoma goes further than in most states, and it is clear that the purpose and intention of the lawmaking power was to leave almost exclusively questions of fact with the jury. The trial court has greater power to disturb the finding of the jury than the appellate court, and when the trial court who saw and heard all the witnesses and observed them on the stand places the stamp of approval on their verdict, this court will not interfere therewith, and especially so when there is nothing in the record to throw any light upon the credibility of the persons testifying adversely to the accused. The issue in this case was an issue of fact tried by a jury as contemplated by law, and we cannot say it was erroneously decided.

The only other question to be considered is based upon a supplemental motion for a new trial relying on an allegation of newly discovered evidence. This contention is founded on an affidavit made by Willie Wilkes and filed in the court below, in which affidavit the said Wilkes states that he sold the yearling to Calvert for $8 in money. This evidence is not newly discovered evidence, but is cumulative evidence which would have been admissible, and which would have corroborated the testimony of other witnesses who upon the trial testified that they saw Calvert buy the yearling from said Wilkes. The trial court, who heard all the witnesses testify, and who was necessarily familiar with a great many details which cannot be put into the record, overruled this motion. We cannot say that he was in error in doing so. To reverse the case on that ground alone, in the absence of any stronger showing, would be tantamount to

saying the trial court arbitrarily deprived the plaintiff in error of his liberty wrongfully. We do not think he did or would do so. The record does not bear any indications that the court sought to do otherwise than to give the accused a fair and impartial trial. This is a case which could have been decided by the jury, so far as the facts disclosed by the record are concerned, either for or against the accused. They acted entirely within their province; and, in the absence of material errors of law, we find nothing upon which we could conscientiously reverse the judgment. It is therefore in all things affirmed.

DOYLE, J., concurs. FURMAN, J., absent and not participating.