# W. W. WOMACK v. STATE.

No. A-2437.   Opinion Filed April 26, 1917.

(164 Pac. 477.)

1.   **APPEAL AND ERROR—Conflicting Evidence—Conviction.** Questions of fact are for the jury to determine. Where there is direct conflict between the evidence for the state and that of the defendant, and the evidence for the state is sufficient to justify a verdict of guilty, the judgment of conviction will not be reversed because of such conflict in the evidence.

2. .  **INTOXICATING LIQUORS—Unlawful Sale—Instruction.** Where the evidence on the part of the state will support either the inference that the unlawful sale was entirely consummated by the appellant, or by him and another, it was not improper for the court to instruct the jury as follows: "You are instructed that under the laws of Oklahoma any person who in any way knowingly takes part in the sale of intoxicating liquor illegally, whether the act is completed by himself alone, or in conjunction with another, is guilty of violating the law the same as if he had completed the whole illegal act himself."

*Appeal from County Court, Harper County;*
*A. H. Walker, Judge.*

W. W. Womack was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*R. S. Smedley* and *C. W. Hofmeister*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

MATSON, J.  Appellant was convicted in the county court of Harper county of the offense of selling a pint of whisky to one U. M. Mix, and sentenced to pay a fine of $50 and to serve 30 days' confinement in the county jail. From this judgment of conviction an appeal is taken, and two alleged errors are relied upon for reversal: First, that the verdict is contrary. to the evi-

dence; second, that the court erred in giving the following instruction:

"You are instructed that under the laws of Oklahoma any person who in any way knowingly takes part in the sale of intoxicating liquors illegally, whether the act is completed by himself alone, or in conjunction with another, is guilty of violating the law the same as if he had completed the whole illegal act himself."

The prosecuting witness, U. M. Mix, swore positively that in July or August, 1912, he purchased a pint of whisky from this appellant and paid him $1 therefor; that the purchase was made after night, and that the whisky was delivered to him in the town of Buffalo, in Harper county, Okla., at the county's coalhouse, which appeared to be directly back of the courthouse; that just before the purchase was made he had a conversation with the appellant about buying some whisky, and that the appellant told him to be at that place at that time, and that a man appeared there with the whisky, and he supposed it to be appellant; that he was the only person he had spoken to about purchasing whisky at that time. The state also introduced in evidence a certified copy of the record of the United States Revenue Department showing that the appellant had taken out a retail liquor dealer's license designating his residence in the town of Buffalo as his place of business, and covering the period of time during which this sale was made and for some time prior and subsequent thereto. The appellant flatly denies making any sale to Mix of any kind of liquor, but admits that he took out the license, but claims that he took it out because he was told by the revenue collector that it would be necessary for him to have a license in order to purchase liquor to bathe a sick horse that he claims to have had about the time this sale was made. He also

admits that he ordered about a gallon of whisky a week during this period of time from liquor dealers in Kansas City, Mo., but claims he used the same exclusively for doctoring the horse. He paid $45 for the privilege granted by the retail license. If the testimony of the witness Mix is to be believed, together with the fact that the appellant procured a retail liquor dealer's license covering the period of time when this sale was made, then the state has made out a clear case of guilt against him. The witness Mix was not impeached as to his general reputation for truth and veracity. He was shown to be a man who had lived in that country a great number of years, and was running a threshing machine at the time of this purchase. He seemed to be worthy of belief. The defense interposed was somewhat unique. It had a tendency, in our opinion, to discredit the testimony of the appellant and to render his story less worthy of belief than that of the prosecuting witness, Mix. The fact that appellant paid the tax required by the United States of retail liquor dealers would indicate that he was possessed of a "blind tiger" in addition to the "sick horse." We do not propose to tolerate the establishment of hospitals of this kind for such purpose in this state. This court has repeatedly held that, where the evidence on the part of the state is such as would justify the jury in arriving at the conclusion that the defendant was guilty, the judgment of conviction will not be reversed on the ground of the insufficiency of the evidence unless it appears from the record that the jury was influenced by passion or prejudice. *Davis v. State,* 10 Okla. Cr. 169, 135 Pac. 438; *Calvert v. State,* 10 Okla. Cr. 185, 135 Pac. 737; *Sayers v. State,* 10 Okla. Cr. 233, 135 Pac. 1073; *Maggard v. State,* 9 Okla. Cr. 236, 131 Pac. 549.

There is nothing in this record to convince this court that the elements of passion or prejudice entered into the verdict in this case.

It is also contended that the court erred in giving instruction No. 8, which is as follows:

"You are instructed that under the laws of Oklahoma any person who in any way knowingly takes part in the sale of intoxicating liquors illegally, whether the act is completed by himself alone, or in conjunction with another, is guilty of violating the law, the same as if he had completed the whole illegal act himself."

Counsel for plaintiff in error assert that the case of *Steen et al. v. State,* 4 Okla. Cr. 309, 111 Pac. 1097, sustains the contention that the foregoing insruction was erroneous. In this counsel are mistaken. In the Steen Case this court expressly held:

"One who sol'cits a person to purchase liquor and pilots him to another who has the liquor and sells it assists in making the sale and is indictable and punishable as a principal in the transaction."

Instead of supporting the contention of counsel the Steen Case absolutely refutes it, but it is contended because the state did not show that the appellant was in the habit of selling intoxicating liquor to other people, or had the general reputation of being a bootlegger, that this judgment should be reversed. Such evidence would have been absolutely incompetent, for the reason that a person cannot be convicted of an offense by proof that he has been guilty of other like offenses, or that he has the general reputation of doing the thing charged against him. Circumstances might arise where evidence of that kind would be competent, but not in a case where a sale of intoxicating liquor is charged. The fact that it was proved

conclusively that the appellant paid for the United States revenue tax required of retail liquor dealers makes out a *prima facie* case of his intent to sell liquor. He admits that he paid this tax. The record shows that he had paid for a period covering from December, 1911, up to and including June, 1913. He voluntarily by that act entered into a business which he must have known, and was required to know, was in violation of the laws of this state. Unless he had intended to engage in that business, it is our opinion that he would not have parted with $45 for that privilege. His intent must have been to profit by violating the laws of this state, and when a person enters into an unlawful occupation for the purpose of gain he does so after full and deliberate consideration.

The judgment of the trial court is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.