## DEWEY COOPER v. STATE.

No. A-6626.   Opinion Filed June 29, 1929.
(279 Pac. 358.)

John F. Pendleton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Nowata county of larceny of a motor vehicle, and his punishment fixed at five years in the state penitentiary. The cause is now on appeal in this court.

For his first ground of error, the defendant alleges that the verdict of the jury is contrary to the evidence and wholly unsupported by the same.   The evidence of the state tended to prove that the defendant was in the town of Nowata on the day in which the larceny of the car was alleged to have occurred, and was seen near the place where the car was parked.   The state further showed that the car was run into a ditch by the side of the road some distance from Nowata, and the defendant went to a nearby house to procure help to pull the car out of the ditch.   The witness Teel positively identified the defendant as the man who came to get the help and who was in possession of the car.   The witness Vannoy testified that he was visiting his father's home, and took a horse and went down to pull the car out of the ditch. While not as positive in his identification of the defendant as was the witness Teel, he nevertheless said that in his judgment the defendant was the man in possession of the wrecked car at the time he pulled it out of the ditch. The state also introduced other witnesses tending to connect the defendant with the crime charged.   The defendant offered evidence tending to show that some other person might have stolen the car.   We are of the opinion that the evidence was not only sufficient, but was overwhelming, as to the guilt of the defendant.

In the case of Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737, this court said:

"Under the law in Oklahoma controverted questions of fact, involving the guilt or innocence of a person on trial in a court of competent jurisdiction, before a jury, are to be settled exclusively by such jury. When an accused is on trial and there is a direct conflict in the testimony between witnesses for the state and witnesses for such accused on the material issues, this court, in the absence of error of law, will not on appeal reverse a conviction."

The defendant next complains of errors of law occurring at the trial by which the defendant was deprived of a fair trial. The basis of this complaint is that, on the day of the trial of this cause, there was published in the Nowata Daily Star, by J. T. Norton, the man who owned the car that was stolen, an article in which mention was made of the trial of this cause. While the jury was being impaneled, the defendant called the article to the attention of the trial judge in the absence of the jury, and challenged the panel upon the ground that certain jurors, having read the article, were thereby biased and prejudiced against the defendant, and, if such jurors were permitted to serve on the jury, the defendant would thereby be denied the impartial trial required by law.

Prospective jurors A. F. Snodgrass, George Woodward, and T. L. Dowell, testified that they had read the article, but that they had not formed or expressed an opinion as to the guilt or innocence of the defendant. The article is set out in full in the case-made, and we are unable to see anything in it that would bias or prejudice a juror against the defendant. The jurors challenged testified positively that the article had not influenced them either for or against the defendant, and that they

had not formed or expressed any opinion of the guilt or innocence of the defendant. After the defendant had exhausted his peremptory challenges, there was still left on the panel T. L. Dowell, one of the jurors who had read the article.

In the case of Jones v. State, 8 Okla. Cr. 576, 129 Pac. 446, this court said:

"Before a juror is disqualified on account of an opinion, it must appear that the opinion is fixed and is such as will combat the evidence and resist its force. A mere impression as to the guilt or innocence of a defendant, where it appears to the court that a juror can and will disregard such impression and be governed entirely in arriving at a verdict by the testimony of the witnesses and the instructions of the court, will not disqualify such juror.

"Where there is nothing in the record to show that an incompetent, disqualified, or otherwise objectionable juror was forced upon the defendant, this court will not consider an assignment of error based upon the ruling of the trial court on a challenge for cause."

We are unable to see any merit in the contention of the defendant, either that the article was prejudicial, or that the juror Dowell was biased or prejudiced or affected in any manner by reading the article.

The defendant further complains of the admission of incompetent and immaterial evidence on cross-examination of the witness Teel. Defendant's counsel inquired into why Teel was being held in jail, and to the further fact that the witness expected to be released from jail as soon as his testimony was completed. On redirect examination, the county attorney went further in the matter of the witness' presence in the county jail, as to whether he had been requested by any one to leave the county

until after the trial of the case. The witness, in answer to the county attorney's questions, said that he was only being held in jail to be used as a witness in this case because it appeared that the witness had been induced by other parties to leave the jurisdiction of the court. The witness also testified that he had been threatened to induce him to leave the jurisdiction of the court. The witness testified that John Harkins and the defendant came to talk to him about the case, and that the defendant did not do any of the talking, but that the principal conversation occurred in the absence of the defendant, who sat on the porch while Harkins and the witness went around the corner of the house. The witness testified after this conversation he went to Kansas and was later brought back to Nowata and placed in jail to testify in this case. The defendant having opened the question of why the witness was in the county jail and what promises had been made to him of release, the county attorney had the right, on redirect examination, to get all the facts in the matter before the jury.

The evidence being sufficient to support the verdict, and no fundamental errors of law appearing upon the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.