W. T. (TOM) CASEY v. STATE.

No. A-7517. Opinion Filed Oct. 25, 1930.
(292 Pac. 871.)

Joe S. Eaton, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of rape in the second degree, and his punishment fixed at 16 months in the state penitentiary.   From the judgment, the defendant has appealed.

On the 15th day of April, 1928, the defendant was a resident of the city of Henryetta, Okmulgee county, Okla.; the prosecuting witness, Gladys Roberts, also lived in Henryetta; on the afternoon of the 15th of April, 1928, the prosecutrix, with some other children, went to the ball park in the southeast part of the city, and had been there a short while when the defendant came along and went on down to the creek a short distance from where the prosecutrix and the other children had been playing. The record shows the children left the prosecutrix and went inside the inclosure of the ball park where some boys were playing football; the prosecutrix went down towards the creek near where the defendant was.   The prosecutrix claims the defendant motioned to her to come to him, which she did.   She further stated the defendant gave her 75 cents and they lay down on the ground and defendant had intercourse with her.

The testimony on behalf of the state shows that Mr. and Mrs. Jack Simpson, who were coming down the creek where Mr. Simpson had set out some fish hooks, walked up to within something like 10 or 20 feet of the defendant and prosecutrix, and the prosecutrix got up and ran, the defendant raised up and backed up against a tree. Mrs. Simpson, in response to questions, stated they were lying down and when we came up they jumped up and Mr. Casey took hold of his bib overalls and backed up against a tree; before he took hold of his overalls they were down.

The prosecuting witness testified this was the second time the defendant had had intercourse with her. The defendant read the testimony of the prosecutrix taken in the preliminary trial for the purpose of trying to contradict her, and to show that her statements in the preliminary trial were different to her statements in the trial.

Jack Simpson testified he did not see the parties in the act of sexual intercourse at the time he and his wife approached where they were lying on the ground; further, in response to the following question, he gave the following answer: "Q. Seen her in company with this defendant? A. Seen her bootching men for money."

The prosecutrix testified positively that the defendant had cohabited with her on the date alleged in the information. The defendant denies that on the date alleged, or any other date, he had intercourse with the prosecutrix, but admits the prosecutrix was there with him when Mr. and Mrs. Simpson came up to where they were. Defendant says the prosecutrix came to where he was and lay down on the ground near him.

The defendant called several witnesses who testified to his previous good character for being a law-abiding,

moral, chaste man. The record discloses the reputation of the defendant as a law-abiding citizen had never been called into question prior to this charge. This is, in substance, the testimony introduced.

The defendant has assigned nine errors alleged to have been committed by the trial court. The defendant in his brief states he has decided to discuss only assignment 3, which is as follows: "For that the verdict is not sustained by sufficient evidence." The defendant earnestly contends that the evidence offered and submitted at the trial of the case is wholly insufficient to support the verdict and judgment and sentence of the court based thereon, and states that to his mind the evidence is sufficiently and squarely impeached by the evidence of the state witnesses Mr. and Mrs. Jack Simpson. The substance of the testimony of Mr. and Mrs. Simpson has been referred to in this opinion, and the argument presented by the defendant has been carefully read and the authorities cited in support of his contention, and theory of the case has been given earnest and careful study.

The defendant cites Douglas v. State, 19 Okla. Cr. 257, 199 Pac. 927, 931, as supporting his contention, in which opinion the court said:

"Under the laws of this state a conviction for rape may be had upon the uncorroborated evidence of the prosecutrix, however, where the testimony of the prosecutrix is contradictory, and her reputation for truth and veracity is impeached, and the defendant testifies and denies specifically the testimony of the prosecutrix, and his testimony is corroborated, the testimony of the prosecutrix, standing alone, is not sufficient to warrant a conviction."

An examination of the Douglas Case shows that, in the taking of the testimony, the testimony of the prosecu-

trix was contradicted, and it was shown by the testimony that the reputation of the prosecutrix for truth and veracity was bad, and the defendant, as in this case, denied specifically the testimony of the prosecutrix. Such are not the facts in this case. There is no testimony in the record impeaching the prosecutrix, nor is there any testimony showing that her reputation for truth and veracity is bad. The prosecuting witness was cross-examined as to certain testimony given by her in the preliminary trial, which tended to show a contradiction upon some of the facts stated by her in the trial of the case, but in the preliminary trial, as well as in the trial of this case, she stated positively that the defendant did have sexual intercourse with her. The testimony in this case is conflicting; that upon the part of the state shows that the prosecutrix was under the age of 16 years at the time of the alleged offense, and that the defendant had intercourse with the prosecutrix. The defendant was seen by Mr. and Mrs. Jack Simpson lying down on the ground with the prosecutrix; they did not see any act of intercourse going on. The defendant denies that he had intercourse with the prosecutrix, but admits she was there where Mr. and Mrs. Simpson saw him. He is a man of family and mature years.

There is a conflict in the testimony. If the jury believed the testimony of the state, it was warranted in returning a verdict of guilty against the defendant. On the other hand, if they believed the testimony of the defendant, it was warranted in returning a verdict of not guilty.

In Maggard v. State, 9 Okla. Cr. 236, 131 Pac. 549, in the first paragraph of the syllabus, this court said:

"It is the duty of the jury to settle all conflicts in the testimony, and this court will not disturb a verdict where it is sustained by any testimony which reasonably tends

to establish the guilt of the defendant, unless it appears from the record that the jury were influenced by improper motives in accepting the testimony of the state and rejecting the testimony of the defendant."

In Nowlin v. State, 7 Okla. Cr. 27, 115 Pac. 625, 121 Pac. 791, in the first paragraph of the syllabus, the court said:

"The verdict of a jury will not be set aside for want of evidence to sustain it when there is any evidence in the record from which the jury could legitimately draw the conclusion of the defendant's guilt."

In Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737, in the first paragraph of the syllabus, the court said:

"(a) Under the law in Oklahoma controverted questions of fact, involving the guilt or innocence of a person on trial in a court of competent jurisdiction, before a jury, are to be settled exclusively by such jury.

"(b) When an accused is on trial and there is a direct conflict in the testimony between witnesses for the state and witnesses for such accused on the material issues, this court, in the absence of errors of law, will not on appeal reverse a conviction."

In Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438, this court, in the third paragraph of the syllabus, held:

"When issues of fact are determined by the jury upon evidence which is sufficient, even though it may be capable of diverse and opposing inferences, this court has no more right than the trial court to substitute its own judgment in the place of that of the jury, or to usurp its legitimate functions."

The only question that has been presented and argued by the defendant is the sufficiency of the evidence to sustain the conviction. We hold that the evidence is sufficient to sustain the conviction. Finding no errors in

34

the record sufficient to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.