## FRANK MANN v. STATE.

No. A-7583. Opinion Filed Oct. 25, 1930.
Rehearing Denied Nov. 19, 1930.
(292 Pac. 883.)

Hart, Edwards, Wells & Greer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of robbery with firearms, and his punishment fixed by the jury at imprisonment in the state penitentiary for five years.

The evidence of the state was that the defendant and Pat Harris went to the tent occupied by J. W. Watts and held him up, that defendant had a pistol and Harris had a shot gun, and that by force and threats they took $65.00 off the person of Watts. Watts was corroborated in his evidence by Charley Williams, who was present when the robbery took place. Both witnesses were personally acquainted with the defendant and Harris, and both positively identified them as the robbers. Watts was able to identify a $1 bill found in the possession of Harris as being one he had in the money that was taken from him; $37 was found on the person of Harris; and $87 on the person of the defendant. On the way to the police station the defendant made the statement in the presence of the officers that he would be willing to give up the entire $87 rather than be connected with a charge of this kind.

The defense was an alibi.

Defendant contends that the evidence is insufficient to sustain the verdict and judgment. The evidence is conflicting. The testimony on the part of the state's witnesses is ample to support the verdict and judgment.

The uniform holding of this court is that:

"The jury are the exclusive judges of the weight of the evidence; and if there is a clear conflict in the evidence, or it is such that different inferences can properly be

drawn from it, its determination will not be interfered with unless it is clearly against the weight of the evidence or appears to have been influenced by passion or prejudice." Lady v. State, 18 Okla. Cr. 59, 192 Pac. 699; Leslie v. State, 22 Okla. Cr. 111, 210 Pac. 297; Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738; Pope v. State, 34 Okla. Cr. 417, 246 Pac. 657; Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

It is next contended that the trial court erred in refusing to grant the defendant a new trial on the ground of newly discovered evidence.

In Stilwell v. State, 18 Okla. Cr. 10, 192 Pac. 253, this court said:

"The granting of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court. * * *

"Where, in a motion for a new trial on the ground of newly discovered evidence, there is no proper showing that such evidence was in fact newly discovered, and the motion does not set out any facts or circumstances showing diligence to discover such evidence, and it is apparent also that the alleged newly discovered evidence, when considered in connection with the evidence introduced upon the trial, is largely cumulative, and is not such as would likely change the result, should a new trial be granted, no manifest abuse of discretion is shown by the trial court in overruling the motion." Waller v. State, 19 Okla. Cr. 329, 199 Pac. 224; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Ray v. State, 35 Okla. Cr. 322, 250 Pac. 438; Newman v. State, 35 Okla. Cr. 296, 250 Pac. 554.

From an examination of defendant's motion for new trial and the affidavit supporting same it appears: First, that the evidence is apparently not newly discovered; second, because the motion does not set out the facts constituting the diligence employed in discovering the new evi-

dence; third, because the alleged newly discovered evidence is not such as would likely change the result, if a new trial had been granted.

The showing for a new trial on the ground of newly discovered evidence being insufficient, the court did not err in overruling the motion.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.