## OTIS CLIFFORD v. STATE.

No. A-7494.   Opinion Filed Oct. 25, 1930.
(292 Pac. 870.)

John W. Whipple, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of larceny of domestic fowls, alleged to have been the property of Clarence McIntosh, and was sentenced by the court to the state penitentiary at Granite, Okla., for a period of one year and to pay the costs of this action.   From which sentence and judgment the defendant has appealed.

The testimony in this case on behalf of the state shows that on the 21st day of February, 1929, Clarence McIntosh, the prosecuting witness, was the owner of some chickens and had them in his hen house near his home

**2**

near Ripley, in Payne county, Okla.; he missed four of these chickens on the morning of the 22d of February, and began to investigate to see if he could find out who had taken them; the next day after the prosecuting witness had missed his chickens, he learned the defendant in this case had cashed a check for $16 and some few cents, at a store of a merchant in Ripley; the check had been signed by the Acme Produce House, of Cushing, Okla., and made payable to Joe Long; the prosecuting witness went to the produce house and identified three of his chickens; there were several chickens in the produce house, but the witness positively identified three of the chickens; two of them were returned to him and the produce company paid him for one of them.

The defendant for a defense pleads an alibi and calls as witnesses to sustain him Cynthia Bower, Annie Trammel, and Lou Clifford; Cynthia Bower and Annie Trammel testifying that the defendant was living at the home of Frank Dunkin, and that he was at the Frank Dunkin home the evening of February 21, 1929, and remained there until they retired, which was some time around 11 or 12 o'clock; that he went upstairs and went to bed, and was there the next morning at breakfast time; they did not hear him leave or know of his leaving during the night. Cynthia Bower testified she was the owner of some chickens, and as the defendant was going to the town of Cushing the next morning, she got him to take her car and take fifteen chickens of hers to market; that he did so and returned with the money for her. The defendant denies having anything to do with the chickens belonging to the prosecuting witness, or that he even knew where he lived; he admits selling the chickens on the 22d day of February, 1929, to a produce company and cashing the check at a store in the town of Ripley, Okla.,

and states the chickens he sold were chickens Cynthia Bower got him to take to town and sell for her; that he had nothing to do with the sale of the chickens alleged to have been stolen from the prosecuting witness Clarence McIntosh.

The county attorney and the sheriff each testified that in a conversation had in their office the defendant admitted he took the chickens of the prosecuting witness. The defendant denies this statement, and denies he ever confessed or admitted to any one he had anything to do with the stealing of the McIntosh chickens. A sister of the defendant stated when she came to get him released on bond, the sheriff asked her to talk with the defendant and try to get him to tell who got the chickens. The sheriff denies he made that request of the sister of the defendant, but stated in substance he asked her to try to get the defendant to tell who assisted him in taking her chickens. This is in substance the testimony.

The defendant has assigned several errors committed by the court in the trial of his case. The fourth, fifth, and sixth assignments of the defendant all relate to the sufficiency of the evidence. There is a conflict in the evidence; the state's testimony as to the taking of the chickens is circumstantial, but the prosecuting witness claims he found three of his chickens in the produce house at Cushing; the testimony shows that the defendant that morning sold a number of chickens, and the prosecuting witness identifies some of the chickens at the produce house as being his chickens.

Where there is a conflict in the evidence this court has repeatedly held that the question of settling the conflict is within the exclusive province of the jury, and that the verdict of the jury will not be set aside for want of evi-

dence to sustain it when there is evidence in the record from which the jury could legitimately draw the conclusion of the defendant's guilt. Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737; Davis v. State, 10 Okla. Cr. 169, 135 Pac. 438.

The evidence is sufficient to sustain the judgment.

It is next argued by the defendant that the judgment in this case is excessive, and not sustained or warranted by the evidence adduced at the trial of said cause. The record shows that the jury found the defendant guilty, but failed to agree upon the punishment to be imposed on the defendant upon the verdict of guilty, and the court sentenced the defendant to be imprisoned at the penitentiary at Granite, Okla., for a period of one year and to pay the costs of the prosecution. Considering the value of the chickens alleged to have been stolen, it would appear that the sentence in this case, when considered from the standpoint of the value of the chickens, was excessive, but after a careful consideration of the record we are not inclined to modify the sentence.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.