PAT HARRIS v. STATE.

No. A-7598.   Opinion Filed Oct. 25, 1930.
Rehearing Denied Nov. 19, 1930.
(292 Pac. 885.)

Hart, Edwards, Wells & Greer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with

Frank Mann with the crime of robbery with firearms. A severance was had, and the defendant was found guilty and sentenced to be imprisoned in the state penitentiary for eight years, from which judgment the defendant has appealed.

The witnesses on behalf of the state positively identified the defendant as one of the parties who hi-jacked the prosecuting witness, J. W. Watts, on the night of February 26, 1929, at his tent near Seminole, Seminole county, Okla.

The defense is an alibi, and the defendant offered a number of witnesses to show he was at a dance some distance away, and could not have been at the tent of the prosecuting witness at the hour the robbery is reported to have taken place. Considerable testimony is incorporated in the record with reference to the prosecuting witness, J. W. Watts, being a bootlegger and selling whisky. The foregoing is the substance of the testimony as stated by the witnesses testifying for the state and the defendant.

This is a companion case to Mann v. State, 49 Okla. Cr. 210, 292 Pac. 883.

The defendant has assigned several errors alleged to have been committed in the trial of his case, but in his brief he discusses only two questions, the first being that the evidence is insufficient to sustain the judgment; and, second, that Frank Mann, jointly charged with him, was tried subsequently to the defendant's trial and was only given five years, and, if the court should hold the testimony sufficient and sustain the conviction in this case, the sentence should be modified to the same sentence imposed upon Frank Mann, who was jointly charged with this defendant.

The uniform holding of this court is that the jury is the exclusive judge of the weight of the evidence and credibility of the witnesses and, if there is a conflict in the evidence, or if it is such that different inferences can properly be drawn from it, its determination will not be interfered with, unless it is clearly against the weight of the evidence, or unless it appears to have been influenced by passion or prejudice. Calvert v. State, 10 Okla. Cr. 185, 135 Pac. 737; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

The evidence in this case is sufficient to sustain the judgment. After carefully considering the testimony in this case, there appears to be no just reason for this court to interfere with the verdict of the jury and judgment of the court by modifying the sentence.

The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.