## VICTOR WOODS v. STATE.

No. A-7954.   Opinion Filed May 29, 1931.
(299 Pac. 927.)

Ash, Jones & Wesner, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of 31½ gallons of corn whisky, with the unlawful and willful intent to barter, sell, give away, and otherwise furnish to others, and was sentenced to pay a fine of $300 and to be imprisoned in the county jail for 90 days.   From which judgment and sentence the defendant has appealed.

The testimony on behalf of the state shows that the officers went to the home of the defendant with a search warrant, and searched the premises and found 31½ gallons of corn whisky in his home.   The defendant was not at home at the time the search was made.   The wife of the defendant testified that the defendant was away from home, and that on the night before the officers searched their home the next day she was aroused by some one opening the door and starting to put something in the house, and, when she roused up, the party told her he did not know she was there, but his car had broken down and

he was leaving some stuff there. The defendant offered further testimony to show he was at another place all the day and night before the search was made.

The only question argued by the defendant is that the testimony is insufficient to sustain the verdict. This question was properly presented to the jury by the court, and the jury found the defendant guilty. This court has repeatedly held that, where there is any competent testimony upon which the jury would be justified in finding a verdict of guilty, this court would not disturb the jury's finding. Mann v. State, 49 Okla. Cr. 210, 292 Pac. 883; Stacy v. State, 49 Okla. Cr. 154, 292 Pac. 885.

The testimony is amply sufficient to sustain the judgment. The case is affirmed.

CHAPPELL and EDWARDS, JJ., concur.