## ORLEY MARTIN v. STATE.

No. A-9726.   Dec. 4, 1940.
(108 P. 2d 191.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and W. Hendrix Wolf, Co. Atty., of Jay, for the State.

J. G. Austin, of Miami, for defendant.

BAREFOOT, J. Defendant was charged with the crime of robbery with firearms in Delaware county; was tried, convicted and sentenced to serve a term of five years in the penitentiary, and has appealed.

The only error complained of for reversal of this case is that the judgment and sentence is not supported by the evidence, and it is insufficient to warrant the court in sustaining the same.

It is not necessary to quote extensively from the record. We have carefully examined the evidence and find that there was a direct conflict in the evidence of the state and the defendant. Under many decisions of this court it has been held that we will not reverse a judgment in the absence of errors of law where there is a clear conflict in the testimony, after a jury has found adversely to the contentions of the accused and the findings have been ap-

proved by the trial court. The case will be reversed as not being supported by the evidence only if no substantial evidence tends to show guilt, or the evidence is so insufficient that the jury must have acted from partiality, bias or prejudice. It is only reversible when there is a failure of competent or legal evidence. Kimbrough v. State, 66 Okla. Cr. 66, 89 P. 2d 982; Underwood v. State, 36 Okla. Cr. 21, 251 P. 507; Adams v. State, 54 Okla. Cr. 363, 21 P. 2d 1075; Tillery v. State, 23 Okla. Cr. 226, 214 P. 198; Robinson v. State, 60 Okla. Cr. 443, 65 P. 2d 212; Mann v. State, 49 Okla. Cr. 210, 292 P. 883; Harris v. State, 49 Okla. Cr. 213, 292 P. 885.

The defendant Orley Martin was charged jointly with Clarence "Mack" Wilson with the crime of robbery with firearms of one T. T. Rodgers in Delaware county on the 24th day of September, 1938. The defendants were identified by the prosecuting witness as being the two parties who held him up and robbed him about 8:30 at night on a country road while he was going to the home of his brother-in-law, Lesley Pollan. They held a gun on him and took from his possession $2 in money and his knife. The prosecuting witness testified that just prior to the robbery, he flashed a flashlight which he had onto the defendants and recognized them as being the parties who were holding him up. They lived in his community, and he had known them for a number of years. While the robbery was being completed, the defendant put on a mask which he had in his possession. Immediately after the robbery was consummated, he started to the home of his brother-in-law, and they told him not to go; that he started in the other direction; that they fired a shot and fled, and that he turned and then went to the home of his brother-in-law, where he immediately reported he had been robbed and the names of the parties who had robbed him. His

54

brother-in-law corroborated this evidence. Other witnesses heard a shot fired in that direction about the time of the robbery.

The evidence of the defendant was what is known as an alibi. If believed by the jury it would have been sufficient for them to find the defendant not guilty. They evidently did not believe it. Defendant's evidence placed him and his codefendant Clarence "Mack" Wilson together in close proximity to the scene of the robbery. The variance between the testimony of the state and the defendant was mostly a question of time. Under the rule heretofore announced, we are of the opinion that the judgment and sentence should be affirmed.

The defendant prior to this case had pleaded guilty to the commission of a felony. The jury gave him the minimum punishment prescribed by the statute. The judgment and sentence of Delaware county is therefore affirmed.

DOYLE, P. J., and JONES, J., concur.